UNITED STATES of America,
Appellee,

v.

Steven Paul VALOT, Appellant.

No. 425, Docket 72-2025.

United States Court of Appeals,
Second Circuit.

Argued Dec. 20, 1972.

Decided Jan. 3, 1973.

Pierce Gerety, Jr., New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant.

Howard J. Stechel, Asst. U.S. Atty., Brooklyn, N.Y. (Robert A. Morse, U.S. Atty., and L. Kevin Sheridan, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellee.

Before MOORE, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Steven Paul Valot appeals from a judgment of conviction after a one day nonjury trial on June 29, 1972 in the Eastern District of New York, before Mark A. Costantino, *District Judge,* finding appellant guilty on one count of importing 7.1 kilograms of hashish into the United States on November 21, 1971, in violation of 21 U.S.C. § 952(a) (1970); on a second count of possessing and bringing the same hashish on the same date into the United States on board an aircraft, in violation of 21 U.S.C. § 955 (1970); and on a third count of possessing the same hashish on the same date with intent to distribute it, in violation of 21 U.S.C. § 841(a) (1970). On August 15, 1972, appellant was sentenced by Judge Costantino on each count to a consecutive term of four years imprisonment. He was also sentenced to a special parole term of two years and was fined $2500.

On appeal Valot claims (1) that the district court erred in imposing consecutive sentences upon the multiple counts under the Comprehensive Drug Abuse Prevention and Control Act of 1970; and (2) that the district court erred in denying appellant's motion to dismiss

the indictment on the ground that the government was not ready for trial within the time prescribed by the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases. 28 U.S.C.A. (Supp.1972).

As in United States v. Scafo, 470 F.2d 748 (2 Cir.1972) (a decision rendered on the date the instant case was argued), we find the record in the instant case inadequate for us to review the propriety of Judge Rosling's denial on June 16, 1972 of appellant's motion to dismiss the indictment pursuant to Rule 4 of the Second Circuit Rules, *supra*. The skeleton sequence of events was as follows:

November 21, 1971—Arrested.
November 22, 1971—Arraigned.
May 9, 1972 —Indicted.
May 11, 1972 —*Government mailed notice advising Valot to appear before Judge Rosling for plea on May 26, 1972.*
May 15, 1972 —*Government mailed notice of readiness for trial to Valot and Judge Rosling.*
May 26, 1972 —Valot pleaded not guilty before Judge Rosling and moved to dismiss indictment pursuant to *Rule 4 of Second Circuit Rules, supra,* on the ground the six month period had expired on May 21, 1972.
June 16, 1972 —Judge Rosling heard argument on the motion to dismiss and denied it in an endorsement.

Here, as in *Scafo*, no findings of fact were made as to what actually occurred, including the reasons for the delay or delays and whether they were "occasioned by exceptional circumstances". Rule 5(h) of the Second Circuit Rules, *supra*.

Upon the authority of *Scafo*, we therefore remand this case to the district court for a further hearing on the motion to dismiss the indictment for failure to comply with the Second Circuit Rules, *supra*, and we direct the district court, as we did in *Scafo*, 470 F.2d at 751, as follows:

"The district court should make findings of fact on the issues. If the district court finds, after taking such additional evidence as may be relevant,

that the motion should be denied, it shall enter new final judgment based upon the record as supplemented by further testimony and findings, thereby preserving to the appellant his right to further appellate review.

On the other hand, if the motion is granted, the indictment should be dismissed."

In view of our remand on the issue of the motion to dismiss, of course we do not at this time reach the issue of the propriety of the consecutive sentences and we imply no opinion thereon.

This panel retains jurisdiction over this case. Depending upon the outcome of the hearing on the issue for which the case is remanded, any further or supplemental appeal will be referred to this panel which will then determine all issues, including that involving the propriety of the consecutive sentences. On that issue, if it becomes ripe for us to rule upon it, no further briefs need be filed.

Remanded.