UNITED STATES of America,
Appellant,

v.

Vincent ROLLINS, Defendant-Appellee.

No. 699, Docket 72-2399.

United States Court of Appeals,
Second Circuit.

Argued March 2, 1973.

Decided March 13, 1973.

John W. Nields, Jr., and Dean C. Rohrer, Asst. U. S. Attys., New York City (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., on the brief), for appellant.

Phyllis Skloot Bamberger, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellee.

Before KAUFMAN and MANS-FIELD, Circuit Judges, and BRYAN, District Judge.*

IRVING R. KAUFMAN, Circuit Judge:

We are called upon to interpret a provision of this Court's Rules Regarding Prompt Disposition of Criminal Cases, often referred to as the Second Circuit Speedy Trial Rules. In all candor, this case is somewhat of an anachronism in a legal system, such as ours, that contemplates precedential use of judicial decisions, inasmuch as the Speedy Trial Rules will shortly be replaced by a new Circuit plan for the Prompt Disposition of Criminal Cases, adopted pursuant to Rule 50(b), F.R.Cr.P.,¹ and under which the problem before us could not have arisen, see, *infra*, at 1111.

At issue in this case is the procedural interplay between Rule 4 and Rule 5(h) of the Speedy Trial Rules. Rule 4 requires the Government to be ready for trial in all criminal cases within six months from the date of arrest, service of summons, detention or the filing of a complaint or of a formal charge (other than a sealed indictment) upon which a defendant is to be tried, whichever is earliest in time. Unless the government is granted an extension of the six-month period under one or more of the exceptions found in Rule 5, the charge, upon proper application, must be dismissed. In Hilbert v. Dooling, 476 F.2d 355 (2 Cir., 1973), the Court, sitting en banc, announced that dismissals under Rule 4 are with prejudice.

Rule 5(h), the provision pertinent to our review of this matter, provides:

5. In computing the time within which the government should be ready for trial under rules 3 and 4, the following periods should be excluded:

.     .     .     .     .     .

(h) Other periods of delay occasioned by exceptional circumstances.

The question presented on this appeal is whether the Government, if it wishes to secure a Rule 5(h) extension, must do so by motion prior to the expiration of the six-month period; and whether, having failed to do so, and also having failed to be ready for trial within six months, the Government must suffer dismissal of the charge against a defendant, despite the fact that it may have a valid 5(h) claim to raise in opposition to the defendant's motion to dismiss.

The facts in this case are quite simple. In a complaint dated March 30, 1972, the Government charged Vincent Rollins with the sale of heroin to an undercover agent. Rollins was arrested on March 30, and an indictment charging him with the distribution of heroin was filed on April 28, 1972. Rollins pleaded not guilty to the charge on May 15.

On October 13, 1972, six months and thirteen days after commencement of the six-month period, Rollins moved to dismiss the charge under the Second Circuit Rules for Prompt Disposition of Criminal Cases. During argument before Judge Tyler, the Government stated that it had been making good faith efforts to dispose of the case and thus avoid the necessity of proceeding to trial. It appeared that the undercover narcotics agent who allegedly had purchased heroin from the defendant had himself come under investigation for improper narcotics transactions. It was the Government's view that if the charges of misconduct alleged against the undercover agent were in fact true, it "would affect his credibility and usability . . . in this case." The Assistant United States Attorney in charge of the Rollins prosecution stated that he had been in contact with defense coun-

---

* United States District Court, Southern District of New York, sitting by designation.

1. By vote of the Second Circuit Judicial Council on February 28, 1973, the Cir-cuit's Rule 50(b) plan will take effect on April 1, 1973. On that date, the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases will be effectively repealed.

sel, attempting to negotiate a possible disposition, "and the six-months date, quite frankly, slipped past . . . ."

Although the Government pressed its claim for an extension of the six-month period due to "exceptional circumstances," as provided in Rule 5(h), Judge Tyler, who himself had sought on a number of occasions, and without success, to determine the Government's intentions concerning prosecution, concluded that "if the rule is to have any meaning at all" it must require the Government to move for a Rule 5(h) extension prior to the expiration of the six-month period. He believed that "the precept of this rule really is that even where the government, the prosecution, or, indeed, the Court, are guilty of an oversight, that's not sufficient to carry the day." Thus, despite the fact that Judge Tyler believed, as he stated, that a Rule 5(h) exception might have been justified had a motion for an extension been made prior to October 1, he concluded that he was foreclosed from reaching the merits of the Government's Rule 5(h) claim. Accordingly, he granted the defendant's motion to dismiss.

We are of the view, however, that neither the language nor the purpose of the Circuit's Speedy Trial Rules justifies the position taken by the district judge. Although the Rules are silent on whether such a request by the Government must be made prior to, or may be made after, expiration of the six-month period, we believe that the Rules, when considered in their entirety, provide for a more flexible and more rational procedural scheme than that insisted upon by the judge below. The drafters of the Rules, when they wished to require parties to move prior to expiration of the six-month period, knew how to provide for it, as evidenced by language in Rules 5(b) and 5(c), quoted in the margin.[2] These subsections emphasize that under certain circumstances the six-month period will not be tolled unless either defense counsel or the prosecuting attorney has previously moved for a continuance and been granted one by the district court. Continuances are granted under Rules 5(b) and (c) only after motion by counsel made prior to the expiration of the six-month period. If the drafters had intended the Government to move within the six-month period for an "exceptional circumstances" continuance under Rule 5(h), they would have followed the clear pattern of Rules 5(b) and 5(c). Because "Other periods of delay occasioned by exceptional circumstances," was intended to cover extraordinary occasions that the drafters could not envision, they opted for a broader exception to be exercised at any time at the judge's discretion.

Moreover, it must be recalled that the Second Circuit's Rules Regarding Prompt Disposition of Criminal Cases was designed to secure "the interests

2. 5. In computing the time within which the government should be ready for trial under rules 3 and 4, the following periods should be excluded:

. . . . .

(b) The period of delay resulting from a continuance granted by the district court at the request of, or with the consent of, the defendant or his counsel. The district court shall grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal charges. A defendant without counsel should not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent.

(c) The period of delay resulting from a continuance granted at the request of a prosecuting attorney if:

(i) the continuance is granted because of the unavailability of evidence material to the government's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available within a reasonable period; or

(ii) the continuance is granted to allow the prosecuting attorney additional time to prepare the government's case and additional time is justified by the exceptional circumstances of the case.

of the public and the rights of defendants" in speedy trials. See, Statement of the Circuit Council to Accompany Second Circuit Rules Regarding Prompt Disposition of Criminal Cases. Neither the public interest nor the rights of defendants are diluted when the Government is permitted to make its request for an extension under Rule 5(h) after expiration of the six-month period. Ordinarily, the issue arises when the defendant has moved for a dismissal under the Speedy Trial Rules. At that time the court may consider whether "exceptional circumstances" justified the Government's failure to file a notice of readiness. If indeed there are mitigating "exceptional circumstances," the six-month period is tolled, an outcome identical to that which would have resulted had the Government moved prior to expiration of the six-month period. If the court does not find "exceptional circumstances," the case will be dismissed because the Government failed to file a notice of readiness. In either instance, neither the defendant nor the public will have suffered prejudice.

In fact, if policy were to be our guide, this Circuit's recently adopted plan for achieving prompt disposition of criminal cases, under the authority of Rule 50(b), F.R.Cr.P., clearly indicates that the Government's position in this appeal is the correct one. Rule 4 of the new 50(b) plan, which modifies Rule 4 of the Circuit's old Speedy Trial Rules, now provides:

> In all cases the government must be ready for trial within six months. . . . If it should appear that sufficient grounds existed for tolling any portion of the six months period under one or more of the exceptions in Rule 5, the motion [to dismiss] shall be denied, *whether or not the government has previously requested a continuance* (Emphasis supplied)

Had this case arisen under the new 50(b) plan, little more than a citation to the above-quoted provision would have been necessary to dispose of the matter. Clearly, then, although Judge Tyler may have believed that Rule 4 would not "have any meaning at all" if the Government were permitted to move for a Rule 5(h) extension after expiration of the six-month period, the circuit and district judges who approved the new Rule 4 were of a different view. We conclude with respect to a Rule 5(h) extension, that the new Rule is not a departure from the practice prescribed by Rule 4 of the old Speedy Trial Rules, but simply clarifies that which we believed was inherent in the old Rule.

■ Finally, recent decisions of this court in United States v. Scafo, 470 F.2d 748 (1972), and United States v. Valot, 473 F.2d 667 (1973), would be rendered wholly inexplicable if the position argued for by appellee Rollins in this case were to prevail. In those cases, defendants had moved in the district court to dismiss charges against them due to the Government's failure to be ready for trial within six months. In each case, the Government successfully opposed the motion on the grounds that "exceptional circumstances," as provided in Rule 5(h), justified the delay. On appeal, we remanded to the district court for further findings concerning the specific nature and content of the "exceptional circumstances." Since in neither case had the Government moved for a 5(h) extension prior to expiration of the six-month period, our remand for further findings would have been wholly inappropriate if the court had held to the view that even a proper showing of "exceptional circumstances" could not have justified tolling the six-month period. The clear import of the decisions in *Scafo* and *Valot* is that the Government's failure to move for a 5(h) extension prior to termination of the six-month period is not fatal to its claim, raised in opposition to a defendant's motion to dismiss for failure to file a timely notice of readiness, that "exceptional circumstances" warranted delay.

To the extent, therefore, that Judge Tyler relied upon an erroneous interpretation of this Court's Speedy Trial Rules in dismissing the charge against appel-

lant, that dismissal cannot stand. Accordingly, we vacate the order, and remand to the district court for consideration of the Government's claim that its delay in filing a notice of readiness in this case was justified in light of "exceptional circumstances." Perforce, we express no opinion on the merits of that claim but state simply that the district judge was not foreclosed by the Speedy Trial Rules, as he believed he was, from considering the Government's excusing argument.[3]

Vacated and remanded for proceedings not inconsistent with this opinion.

3.  There is some language in Judge Tyler's opinion below indicating that the dismissal in this case may have rested upon Rule 48(b) F.R.Cr.P., which authorizes the court to dismiss an indictment "if there is unnecessary delay in bringing a defendant to trial." Rule 48(b) authorizes a district judge to dismiss, in his discretion, with or without prejudice, whereas a dismissal under the Speedy Trial Rules, under our *en banc* decision in Hilbert v. Dooling, *supra*, must be with prejudice. Under the circumstances the district judge need not consider application of Rule 48 to the defendant's motion for dismissal of the charges against him. If the court, in deciding that motion, is of the view that "exceptional circumstances" justified the Government's delay, and that a Rule 5(h) extension is warranted, there would not have been an "unnecessary delay in bringing a defendant to trial" such as would warrant dismissal with or without prejudice under Rule 48(b). If, on the other hand, the court finds that the Government's delay was not excused by "exceptional circumstances" within the meaning of Rule 5(h), dismissal with prejudice will be required. In either event, consideration of Rule 48(b), F.R.Cr.P., would appear to be irrelevant to the district court's ultimate disposition.