UNITED STATES of America,

v.

Vincent APREA et al., Defendants.

No. 71 Cr. 1245.

United States District Court,
S. D. New York.

April 25, 1973.

Whitney North Seymour, Jr., U. S. Atty., for Southern District of New York, New York City, for the United States; Rudolph W. Giuliani, Asst. U. S. Atty., of counsel.

Neal J. Hurwitz, New York City, for defendants Aprea and Pagano.

McGuire & Lawler, New York City, for defendants Barrett, Conti, Fleming and Lee; Robert J. McGuire, New York City, of counsel.

Jay Gold, New York City, for defendants Aurichio and Falco.

Rosner, Rosner & McEvoy, New York City, for defendant Cassels; Jonathan L. Rosner, New York City, of counsel.

Jay Goldberg, New York City, for defendant De Angelis.

GURFEIN, District Judge.

On March 21, 1973 the defendant Cassels submitted a motion to dismiss the indictment against him for failure to grant a speedy trial. The motion was returnable on March 29, 1973. A pre-trial conference was held on April 5, 1973 with all counsel, at which time the following took place: (1) the Government moved to sever defendants Falco and Fleming without objection; (2) argument was heard on Cassels' motion to dismiss in which no other defendant joined; (3) the remaining seven defendants (Aprea, Aurichio, Barrett, Conti, De Angelis, Lee and Pagano) requested that the trial await the outcome of the retrial of Patrolman William Phillips in State Court on murder charges. The defendant Lentini is deceased; (4) all defendants moved for the production of *Brady* material, stipulating that the material requested was to be that contained in Exhibits A, B and C, which are copies verbatim of subpoenas which were attached to the motion papers of April 24, 1972 before Judge Palmieri.

Subsequent to the conference, the Assistant United States Attorney submitted an affidavit in opposition to Cassels' motion to dismiss and to the defendants' motion for *Brady* material. On April 16, 1973 the defendant Cassels replied.

1. CASSELS' MOTION TO DISMISS

It is incumbent upon the Court to "make findings of fact on the issues" raised by the defendant Cassels' motion to dismiss for speedy trial. United States v. Scafo, 470 F.2d 748 (2 Cir. 1972); United States v. Valot, 473 F.2d 667 (2 Cir. 1973). However, the Court need not embark on an exact accounting of whether there was, at every moment beyond six months from the indictment, in fact and in effect a tolling of the six month rule. Fed.R.Crim.P. 50(b), Rule 4; United States v. Rollins, 475 F.2d 1108 (2 Cir. 1973). It is sufficient in determining this motion for dismissal that the Court find facts which either demonstrate that the delay was continuously justified or that the delay cannot be considered an exception to the six month rule, under Rule 5. The new Rule 4 provides in part: "If it should appear that sufficient grounds *existed* for tolling any portion of the six-month period under one or more of the exceptions in Rule 5, the motion [for dismissal] shall be denied, *whether or not the government has previously requested a continuance*" (emphasis supplied). The *Rollins* Court explicitly held that the language of the new Rule 4 "simply clarifies that which we believed was inherent in the old Rule" (at 1111).

The following are the dispositive facts. On November 4, 1971 indictment

71 Cr. 1245 was filed, charging the defendant Cassels and ten others with conspiracy to obstruct the enforcement of local law with intent to facilitate illegal gambling, 18 U.S.C. § 1511, and charging Cassels and five others with making false declarations before a Grand Jury, 18 U.S.C. § 1623.[1] On February 22, 1972, the Government filed a notice of its readiness to proceed to trial on or after March 20, 1972, subject to the necessary ten days advance notice of the actual date of trial. On March 20, 1972, the Government's principal witness, Patrolman William Phillips, was indicted in the Supreme Court of the State of New York, New York County on charges of homicide.

In light of these developments, the defendant Cassels moved before Judge Palmieri for discovery and inspection of all material bearing on Patrolman Phillips' credibility on the grounds of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and Fed.R.Crim.P. 16(b) and 17(c). (The subpoenas attached to that motion are again before the Court as reaffirmation of the defendants' request for *Brady* material.) Judge Palmieri denied that motion without prejudice, and *on consent of all defendants* stayed prosecution of this case pending the outcome of the Phillips trial in State Court. Cassels' letter acknowledging consent to staying prosecution was dated May 1, 1972 and was signed by both the defendant and his counsel.

On August 9, 1972 the Phillips murder trial ended in a hung jury. The defendant Cassels submitted a motion returnable before Judge Palmieri on October 10, 1972, which sought, *inter alia*, a direction that trial proceed "forthwith." On October 12, 1972 the case was transferred from Judge Palmieri to me. After argument and submission of further papers, and while the motion was still *sub judice*, the Court was advised that the re-trial of Patrolman Phillips had been scheduled for January 15, 1973. In an opinion dated December 6, 1972 I denied Cassels' motion for a speedy trial, writing " . . . [T]here is simply no fair way to *compel* the appearance of Phillips here before his own trial. The circumstance of his involvement with the New York State Court is not something the United States can control. To set the case for trial and have it dismissed for failure of a principal Government witness to testify would be prejudicial to the public interest. Since the defendant is on bail I conceive of no prejudice to a further delay of several months" (emphasis supplied).

On January 15, 1973 Phillips' re-trial was adjourned until March 12, 1973. The defendants Cassels and De Angelis proceeded to move for a speedy trial or dismissal of the indictment. These motions were denied by order of February 26, 1973 as amended on April 12, 1973. The Court reiterated its reasoning in the December 6, 1972 opinion and noted that an added factor in denying the motion was the position taken by the New York County District Attorney's office in refusing to turn over to the defendants the material they sought as *Brady* material in the subpoenas attached to the April 24, 1972 motion.

■ On these facts, I think that continuance up to this date has been justified. It is plain that as of April 1972, the Government had complied with the Second Circuit's Plan for Achieving Prompt Disposition of Criminal Cases. Rule 4 requires: "In all cases the government must be ready for trial within six months from the date of . . . the filing of . . . a formal charge upon which the defendant is to be tried." Defendant's consent to Judge Palmieri's order staying prosecution on April 24, 1972 pending the disposition of the State prosecution brings this case within the 5(b) exception to the speedy trial rules. "The period of delay resulting from a continuance granted by the dis-

---

1. No arrests were made prior to the filing of the indictment. All the defendants surrendered on November 15, 1971 with the exception of Cassels who surrendered a short time thereafter.

trict court at the request of, or with the consent of, the defendant or his counsel . . . should be excluded" from the six month requirement of Rule 4. And when Cassels moved for a trial "forthwith" in October there was an unavoidable two month delay caused by the transferral of the case from Judge Palmieri to me and the briefing required. The determination to deny the motion at that juncture because of the apparent imminence of a retrial of Phillips was justified under both 5(e) and (h). While I have found no cases directly in point, implicit in the *Rollins* remand is the view that criminal charges pending against a Government witness which could affect his credibility and useability may indeed constitute exceptional circumstances for purposes of 5(h) warranting a continuance (*Rollins, supra,* 475 F.2d at 1111). Similarly, the denial of Cassels' and De Angelis' motions for speedy trial or dismissal was justified under the 5(h) exception. It is not commonplace for a principal Government witness to be indicted for murder before the federal indictment can be tried and within six months of its filing.

Moreover, the other defendants have never moved for a speedy trial. They have continued to consent to a stay of prosecution and at the last conference pressed for a continued delay. As to these defendants the six month rule has not run under 5(b). And by 5(e) the defendant Cassels may be caused "a reasonable period of delay" beyond six months where as here there is good cause for not granting a severance. Only now does it appear that Phillips will not be tried expeditiously.

The *motion to dismiss is in effect* based on the argument that the previous decisions denying speedy trial were erroneously decided. The motion is denied in the "sound discretion" of the trial Court (Statement of the Circuit Council to Accompany Second Circuit Rules).

It now also appears that the balance lies against further continuance. In the first place the Phillips trial is now at least five months away and pos-

sibly more. Secondly, the Government has represented for the first time that Phillips will be called as a witness and is willing to testify despite pending charges in the State Court. Third, the Court is again denying the request for *Brady* material now requested in the form of the subpoenas (see *infra*). Thus while there are still exceptional aspects to the circumstances of this case, they have waned in the light of the new developments.

As for the defendants who oppose a trial at this time until after the disposition of the Phillips murder trial, the order directing them to trial may indeed cause them to lose a tactical advantage if Phillips is later convicted. But Phillips may also be acquitted. And while the Court in its discretion has granted continuance until now, a defendant has no *right* to await the outcome of pending criminal charges against a Government witness. United States v. Keilly, 445 F.2d 1285, 1288 (2 Cir. 1971), cert. denied, 406 U.S. 962, 92 S.Ct. 2064, 32 L.Ed.2d 350 (1972).

This case will be set down for trial.

### 2. BRADY MATERIAL

All defendants move for purported *Brady* material in three subpoenas duces tecum addressed to the Knapp Commission, the District Attorney of New York County and the Police Commissioner. They require the Commission to bring "all files relating to William Phillips, including tape and wire recordings, written statements, sworn and unsworn testimony provided to the Commission, in the possession, custody or control of the Commission."

They require the District Attorney to bring "all files, including Grand Jury testimony, copies of indictments, ballistic reports in the possession, custody and control of the District Attorney's office relating to police officer William Phillips."

They require the Police Commissioner to bring "all files, both personnel and investigative and type and wire recordings in the possession, custody or control

of the Police Department relating to Patrolman William Phillips."

In the opinion of December 6, 1972 I had denied Cassels request for *Brady* material described as "all materials which are presently in [the] custody, control or possession [of the United States Attorney] or which it could obtain by the exercise of reasonable diligence, relating to the witness William Phillips, including but not necessarily limited to all said material of impeachment or exculpatory value."

I had denied the request because the motion was untimely. I had refused to hold an *in camera* inspection because such materials would be voluminous and there was no showing that the Court could not rely on the Government's assurance that it would turn over any *Brady* material in its possession at the appropriate time.

The same request for materials under Fed.R.Crim.P. 16(b) was denied because the rule permitted discovery of evidence in Federal hands—the material sought was with State authorities; and the requests were too broad.

Cassels had also moved for issuance of the three subpoenas mentioned under Fed.R.Crim.P. 17(c). On December 6, I denied that motion for failure to show relevancy and admissibility. Cassels has not yet made any attempt at such a showing.

■ The defendants move once more for issuance of the subpoenas. The Government points out that the material requested by the subpoenas is largely available to the defendants through the record of the State proceedings. The Government is directed to afford access to defense counsel to as much of this material as is in its possession.

The balance of the request is still too broad. It would be an unwarranted intrusion on the Court's time to sift through all the files requested to determine what was due to the defendants under *Brady* and what was not. The request also remains untimely, unless the Government has knowledge that the material sought is required *now* to the proper defense of the case. The burden is on the Government to reveal what favorable evidence it has at the appropriate time, and the Government agrees to meet that responsibility.

■ I do not agree with the Government, however, that the defendants' *Brady* motion is thereby "academic." There may be additional matter of an exculpating nature (either direct evidence or impeachment evidence) which ought to be revealed. But there is insufficient particularity to the defendants' request to warrant Court action. They have not told the Court what to look for even if it undertook an inspection and they have shown no cause for the Court to be suspicious that there is something to which they are entitled which the Government intends not to reveal. *Brady*, of course, goes beyond good faith efforts on the part of the prosecution. It forbids any suppression of evidence favorable to the accused as a matter of due process of law. But *Brady* does not create a presumption that there is such suppression in every case so as to require the Court to become a watchman over the prosecutor.

The motion for *Brady* material is denied. The Government has a continuing burden, however, to reveal evidence favorable to the accused and will make available public records in its possession.

Cassels' motion to dismiss the indictment is denied.

The case against Falco and Fleming is severed. All other motions are denied, and the case is set for trial on June 5, 1973.