**UNITED STATES of America**
**v.**
**Gregouir BOSQUES et al.**
**Crim. No. H–289.**

United States District Court,
D. Connecticut.

Aug. 20, 1973.

Stewart H. Jones, U. S. Atty., Randolph C. Roeder, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Edward T. Lynch, New Britain, Conn., for defendants.

## RULING ON MOTION TO DISMISS

BLUMENFELD, Chief Judge.

By this motion the defendant Gregouir Bosques seeks to dismiss the indictment which is pending against him. His sole contention in support of his motion is that the government has failed to comply with the pertinent rules [1] which regulate speedy trials in this district and in this circuit.[2]

### I.

The defendant was arrested by special agents of the Bureau of Narcotics and Dangerous Drugs on February 17, 1972, the same day on which his co-defendant, Norberto Rodrigues, was arrested.[3] Both defendants were subsequently released on bail.

On June 7, 1972, the defendant was charged in several counts of a six count indictment with various drug related offenses. Between June 7, 1972, and July 27 of the same year, a plea of not guilty was entered; counsel was secured to represent the defendant; and pre-trial defense motions were filed and answered.

As indicated by the stipulation entered into between the parties:

"Since July 27, 1972 until June 7, 1973, there has been no action on the case against Gregouir Bosques, including no court appearances and/or motions. No notice of readiness to try the case has been filed by the Government to date. The Government at no time during the one year period communicated its readiness for trial in any fashion. The Accused at no time, either through counsel or by himself, requested a continuance."

It is against this uncontested factual background that the adequacy of the government's compliance with the speedy trial rules must be evaluated.

### II.

Although the Rules no longer control the proper disposition of this motion, the judicial construction which they have received can be of assistance in the proper application of the provisions of the Plan, at least where the two are substantially the same.[4] Under the Plan, as with the predecessor Rules,

"Rule 4 requires the government to be ready for trial in all criminal cases within six months from the date of arrest, service of summons, detention or the filing of a complaint or of a formal charge (other than a sealed indictment) upon which a defendant is to be tried, whichever is earliest in time. Unless the government is granted an extension of the six-month period under one or more of the exceptions found in Rule 5, the charge, upon proper application, must be dismissed." [5]

---

1. Whether the defendant has been denied his constitutionally protected right to a speedy trial, see, e. g., Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is an issue not presently before this court. See Fed.R.Crim.P. 48(b).

2. The Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, hereinafter the Rules, 28 U.S.C.A. App. (Supp. 1973), were promulgated by the Circuit Council of the Second Circuit on January 5, 1971 (effective date July 5, 1971). On February 28, 1973, the judges of the United States District Court for the District of Connecticut, in accordance with Fed.R. Crim.P. 50(b), and at the direction of the Circuit Council, approved and adopted a Plan For Achieving Prompt Disposition of Criminal Cases, hereinafter the Plan, and since April 1 of this year, the Rules have been effectively replaced by the Plan. Unit-

ed States v. Rollins, 475 F.2d 1108, 1109 n. 1 (2d Cir. 1973).

3. Mr. Rodrigues has subsequently died and on the government's motion the case against him was dismissed on September 1, 1972.

4. For citation of many of the numerous cases which have involved the proper interpretation of the Rules see United States v. Scafo, 480 F.2d 1312, 1313 n. 1 (2d Cir. 1973).

5. Unlike the former Rules, the Plan also allows the court to refrain from dismissing with prejudice if it finds that "the government's neglect is excusable" and if in addition the government is prepared to proceed to trial within ten days. See paragraph 4 of the Plan; cf. Hilbert v. Dooling, 476 F.2d 355, 363 (2d Cir. 1973) (en banc) (Friendly, J., dissenting), petition for cert. filed, 42 U. S.L.W. 3064 (June 8, 1973).

Since the government has failed to file a notice of readiness or otherwise informed the court of its readiness for trial within six months from the date of the defendant's arrest,[6] see United States v. Scafo, *supra*, 480 F.2d at 1318; United States v. Pierro, 478 F.2d 386, 388–89 (2d Cir., 1973), this indictment must be dismissed with prejudice, Hilbert v. Dooling, *supra*, 476 F.2d at 358, unless enough of the time from the date of Mr. Bosques' arrest until the present is properly excludable so as to avoid the strictures of the six month rule, see paragraph 5 of the Plan, or unless the government's neglect is otherwise excusable, see paragraph 4 of the Plan.

### III.

The government offers two independent explanations of the circumstances surrounding this case which, in its opinion, either make any neglect on its part excusable or allow sufficient time to be properly excluded from the pertinent time period such that the six month rule will not have been violated.[7]

■ The first may be summarily rejected, at least on the facts herein presented. Whatever ameliorating circumstances or minor justifications may arise by reason of the departure of one Assistant United States Attorney and the reassignment of his files to another

Assistant, that justification cannot begin to account for the excessive delay which the government has already taken in making its case ready for trial. Routine changes in personnel can in no way be equated with the type of "extraordinary situation in the office of the prosecutor" which may rise to the level of an exceptional circumstance. See, e. g., United States v. Pollak, 474 F.2d 828, 830 (2d Cir. 1973).[8] In this context, it should be noted that these various speedy trial rules and exceptions cannot properly be construed as mere bookkeeping regulations; rather,

"(i)n determining the proper operation of Rule 5, it is important to remember that the primary purpose of the Prompt Disposition Rules was to vindicate the strong public interest in the prompt resolution of criminal prosecutions." United States v. Lasker, 481 F.2d 229, 233 (2d Cir., 1973), (Lumbard, J.)

To give credence to the government's contention here could only serve to undermine the importance of the interests served by these Rules.

■ The government's second contention also fails to vindicate its position in this case. It is not disputed that the defendant assisted the government in an isolated instance as an informant in September of 1972 in the arrest of

6. There is no dispute that on the basis of the facts stipulated to by the parties, none of the exceptions provided in paragraph 5 of the Plan even arguably apply to the government's conduct in this case, with the possible exception of paragraph 5(h) which allows the exclusion of any period of delay occasioned by "exceptional circumstances." See also, Statement of the Circuit Council to Accompany Second Circuit Rules Requiring Prompt Disposition of Criminal Cases, 28 U.S.C.A. App. at 67 (Supp.1973): "Rules 5(c)(ii) and 5(h) (the analog to paragraph 5(h) of the Plan), and indeed all the rules, are designed to permit the district court to exercise a sound discretion in cases where special circumstances require an extension of time."

7. Finding no merit to either the government's arguments, there is no need to deter-

mine for purposes of this motion the definitive relationship between the "excusable neglect" of paragraph 4 and the exceptional circumstances of paragraph 5(h) under the Plan, and accordingly this court expressly leaves open the question of whether a given set of facts may fail to merit "exceptional circumstances" treatment under paragraph 5(h), and yet may qualify under the "excusable neglect" criterion of paragraph 4. It should be noted, though, it goes almost without saying, that the government now represents that it is ready to go to trial on a moment's notice. See paragraph 4 of the Plan.

8. See also, United States v. Scafo, *supra*, 480 F.2d at 1318, in which the sufficiency of the district court's reliance on "exceptional circumstances" similar to those urged here was queried by Judge Timbers.

suspected narcotics dealers.[9] From this fact the government argues that it should be excused from its obligation to file a notice of readiness, apparently until the ultimate disposition of the pending case in which the defendant has served as an informant. In support of this position, the government advances several policy arguments which in substance indicate that in the opinion of the government, under the circumstances herein presented, the government will be advantaged at no great expense to the defendant if it is excused from its ready for trial notice responsibility.[10] In the absence of any indication that the defendant has concurred in the government's unilateral judgment that his case will be advantaged by the government's noncompliance with the notice of readiness requirement, this argument cannot justify the government's omission, either as an "exceptional circumstance" or as a facet of "excusable neglect." [11] Moreover, as noted above, the philosophy underlying these Rules seeks to vindicate the *public's interest* in the swift and just administration of criminal justice. The government has failed to indicate how this public interest is advanced by the strategy it pursued here, especially in light of the fact that if it had properly notified the court of its readiness for trial, it may have been able to arrange for reasonable delays thereafter so long as no right of the defendant or the public in general were thereby jeopardized.[12] By choosing the tactic it pursued here, and then attempting to justify its position after the fact [13] with two unsatisfactory arguments, the government has succeeded only in convincing this court that the letter as well as the spirit of the speedy trial rules have been violated in this case.

Accordingly, the defendant's motion to dismiss the indictment presently pending against him is granted, and the indictment is hereby dismissed.

So ordered.

---

9. The defendant's role as an informant has previously been disclosed at an open hearing held to resolve a motion in the case in which he assisted the government. Compare United States v. Cuomo, 479 F.2d 688, 694 (2d Cir., 1973).

10. This fact pattern appears to be the converse of the situation raised though unresolved in United States v. Rollins, *supra*, 475 F.2d at 1109.

11. The government's observation that the benefits derived from serving as an informant generally increase over time overlooks the fact that a defendant may wish to secure those benefits and also desire a swift disposition of his pending prosecution.

12. See, e. g., Hilbert v. Dooling, *supra*, 476 F.2d at 357:

"... the Rules (like the provisions of the Plan) do not mandate *trial* within a specified period of time as has been urged by some .... Instead, we have taken a more moderate course, focusing primarily on prevention of prosecutorial delay as a means of implementing the public interest in disposition of criminal charges with reasonable dispatch." (Emphasis in original) (citations omitted).

13. See United States v. Rollins, *supra*.