UNITED STATES of America, Appellant,

v.

Vincent ROLLINS, Appellee.

No. 1123, Docket 73–2023.

United States Court of Appeals, Second Circuit.

Argued Aug. 16, 1973.

Decided Oct. 31, 1973.

S. Andrew Schaffer, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S. D. New York, John W. Nields, Asst. U. S. Atty., of counsel), for appellant.

Phylis Skloot Bamberger, New York City (Robert Kasanof, The Legal Aid Society, New York City), for appellee.

Before MULLIGAN, OAKES and TIMBERS, Circuit Judges.

OAKES, Circuit Judge:

This is the second time this case has been before the court in respect to this court's now superseded Rules Regarding Prompt Disposition of Criminal Cases, often referred to as the Second Circuit Speedy Trial Rules.[1]

The appellee was arrested on March 30, 1972, charged with having sold heroin to an undercover agent. He was indicted on April 28, 1972, and pleaded not

1. These rules have been replaced by our Plan for Achieving Prompt Disposition of Criminal Cases (App. Feb. 28, 1973; eff. April 1, 1973).

guilty on May 15, 1972. On October 13, 1972, he moved to dismiss the indictment, on the basis that the Government had failed to indicate its readiness to bring him to trial within the six months required by then Rule 4. The Government admitted that "the six-month date, quite frankly, slipped past . . .," but alleged "exceptional circumstances" on the basis that the undercover agent who had allegedly bought the heroin from Rollins was himself under investigation, being suspected in an unrelated case of having permitted an informant to take some heroin the agent had purchased. The Government was unwilling to risk the "serious danger that cross-examination of the police officer . . . would have compromised the investigation" into the agent's behavior, and, desiring also to protect his reputation, decided to wait until that investigation was disposed of.

Under Rule 4 the Government was required to be ready for trial within six months [2] except for certain periods excluded from the time computed. The district court originally found that this situation satisfied the requirements of Rule 5(h) [3] allowing for an exclusion of time for "exceptional circumstances," but held that the Government was required to move for an extension to be able to qualify for such an exclusion. Because the Government had not so moved, the district court dismissed the indictment. In United States v. Rollins, 475 F.2d 1108 (2d Cir. 1973) (*Rollins I*), we held that the Government was not required to move for an extension to qualify for the Rule 5(h) exclusion. On remand for evidentiary hearing, following United States v. Valot, 473 F.2d 667 (2d Cir. 1973), and United States v. Scafo, 470 F.2d 748 (2d Cir. 1972), the district court received affidavits and then decided that Rule 5(h) was inapplicable after all, and that the case was governed by Rule 5(c)(i), which applied in the case of the "unavailability of evidence material to the government's case . . . .[4]" Since under Rule 5(c)(i) the prosecuting attorney must have sought a continuance prior to the expiration of the Rule 4 six-months period, *Rollins I*, 475 F.2d at 1110 & n. 2, the district court again dismissed the charges.[5] The Government appeals.

The question then presented is whether a witness who is physically available within the jurisdiction and capable of testifying is "unavailable" within Rule 5(c)(i) simply because the Government has found it undesirable to produce him under the circumstances, embarrassing both to the Government and the witness

2. Rule 4. In all cases the government must be ready for trial within six months from the date of the arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), whichever is earliest. If the government is not ready for trial within such time, or within the periods as extended by the district court for good cause, then, upon application of the defendant or upon motion of the district court, after opportunity for argument, the charge shall be dismissed.

3. Rule 5. In computing the time within which the government should be ready for trial, the following periods should be excluded:

 . . . . .

 (h) Other periods of delay occasioned by exceptional circumstances.

4. Rule 5. In computing the time within which the government should be ready for trial . . . the following periods should be excluded:

 . . . . .

 (c) The period of delay resulting from a continuance granted at the request of a prosecuting attorney if:
 (i) the continuance is granted *because of the unavailability of evidence* material to the government's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available within a reasonable period . . . .

 (Emphasis added.).

5. The Supreme Court recently denied certiorari in Hilbert v. Dooling, 476 F.2d 355 (2d Cir.) (en banc), cert. denied, 414 U.S. 878, 94 S.Ct. 56, 38 L.Ed.2d 123 (1973), in which this court held that there was power to dismiss an indictment with prejudice for failure to comply with the Speedy Trial Rules.

alike, of his being under investigation in another matter. If, despite his physical availability, his evidence is "unavailable" under Rule 5(c)(i), then the Government must have moved for a continuance, and having failed to do so within the allowable six months, the case must be dismissed.

The District Court, in holding that the evidence was "unavailable" and that Rule 5(c)(i) thus applied, relied on this circuit's decisions in United States v. Counts, 471 F.2d 422, (2d Cir.) cert. denied, 411 U.S. 935, 93 S.Ct. 1909, 36 L. Ed.2d 395 (1973), and United States v. Boatner, 478 F.2d 737 (2 Cir. 1973). But in *Counts* the witness in question was in Vietnam—outside the jurisdiction. *See also* Wigmore, Evidence § 1404 (3d ed. 1940). In *Boatner* the witness was in Louisiana and pregnant, with advice from her physician that she not travel. *See* Wigmore, *supra*, § 1406(5) ("Any *physical incapacity preventing attendance* in court . . . should be a sufficient cause of unavailability. . . ."). In each case, that is to say, the witness was unavailable in the ordinary sense of the term.

■ It may be true, as appellee argues, that, in the context of the evidentiary inference to be drawn from a party's failure to call an available witness, the "availability" of a witness has been held to depend in some cases on all the facts and circumstances bearing upon the witness's relation to the parties, rather than merely on physical presence or accessibility. *E. g.*, Kean v. Commissioner, 469 F.2d 1183, 1188 (9th Cir. 1972); United States v. Johnson, 467 F.2d 804, 809 (1st Cir. 1972), cert. denied, 410 U.S. 909, 93 S.Ct. 963, 35 L. Ed.2d 271 (1973). *See also* United States v. Jackson, 257 F.2d 41, 43–44 (3d Cir. 1958). Here, however, the investigation of the undercover agent himself would not have made him unavailable so as to avoid the drawing of such an inference. We feel sure that if the Government had brought this case without presenting this witness, its failure to call him would have properly given rise to an inference against it. Further supporting the "availability" of the agent in this case is the concept of availability in the context underlying the introduction in evidence of a deposition. Surely it cannot be argued, at least at common law, that a deposition would be usable if the witness were alive and well within the jurisdiction and subject to subpoena, simply because the party calling him wanted to preserve his identity or wished not to expose him to unfair cross-examination. *See generally* Wigmore, *supra*, §§ 1401–18.[6] We hold, therefore, that the Government witness here was not unavailable so as to have required the Government to move for a continuance pursuant to Rule 5(c)(i).

■ But this does not end the case, for appellee maintains here, as he did on remand below, that if Rule 5(c)(i) were not applicable, Rule 5(c)(ii)[7] was, and to take advantage of 5(c)(ii) also re-

6. Under Fed.R.Civ.P. 32(a)(3)(E), a deposition of such a witness might be usable, but it would be usable not because the witness is "unavailable" but because there is a finding that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony . . . ." The new provision in the Organized Crime Control Act of 1970 permitting, for the first time in our jurisprudence, the use of depositions in criminal cases (under certain limited circumstances), United States v. Singleton, 460 F.2d 1148, 1153 (2d Cir. 1972), cert. denied, 410 U.S. 984, 93 S.Ct. 1506, 36 L.Ed.2d 180 (1973), would not permit the use of a deposition in this instance. 18 U.S.C. § 3503(f).

7. Rule 5. In computing the time within which the government should be ready for trial, the following periods should be excluded:

(c) The period of delay resulting from a continuance granted at the request of a prosecuting attorney if:

(ii) the continuance is granted to allow the prosecuting attorney additional time to prepare the government's case and additional time is justified by the exceptional circumstances of the case.

quired a motion by the Government. Rule 5(c)(ii) provided a double requirement before time is excluded from the six-month period. First, the continuance must have been in order "to prepare the Government's case," and second, this additional time must have been necessary as a result of "the exceptional circumstances" of the case. This case does not fall within these strictures for two reasons. Initially, it is clear here that the Government did not need additional time to prepare its case. While the use of the language "exceptional circumstances" in both 5(c)(ii) and 5(h) was perhaps unfortunate, the Statement of the Circuit Council to Accompany the Rules indicated the difference meant between the two. In 5(c)(ii) "exceptional circumstances" referred to cases where "because of their nature and complexity" more than usual time is required for preparation. In other words, the Circuit Council was trying to ensure that continuances would not be granted for additional preparation absent a demonstrable, objective need for it. Here, however, the exceptional circumstances were not involved with nor did they result from the complexity of the case. Indeed, at this point it seems a routine drug case. The exceptional circumstances here were just those contemplated by Rule 5(h)—those circumstances where an exclusion is proper but not specifically covered in the other subsections.[8]

While finding the proper pigeonhole in a serviceable but now obsolete desk that has been retired to the judicial attic may be difficult, we must keep our eyes focused on the purpose of both the old and new rules—to bring about the prompt disposition of criminal cases. The threat of dismissal was aimed at motivating prosecutors to prepare and try their cases as promptly as possible. Exceptions were made to the six-month rule where it would be harsh and counterproductive to the purpose of the rules. A prosecutor who became aware of the possibility of going beyond six months should, of course, have sought a continuance, *but,* where the reasons for delay were within the rules' exceptions, it would serve little purpose to penalize the public by dismissing the case merely for the prosecutor's inadvertent failure to seek a continuance. The focus should be on the delay and the reasons for it.

With that in mind this court in *Rollins I* remanded the case for findings on the question of "exceptional circumstances." The district court did not make them in the light of its decision that Rule 5(c)(i) was applicable here; the district court said, however, that the facts material to the determination whether there were exceptional circumstances were submitted in affidavits to the court. Since we have the affidavits before us in this record, we may supply the absent findings.

 The public interest in prompt disposition of criminal cases is the touchstone of the Rules. In determining whether facts present circumstances ex-

---

8. United States v. Cuomo, 479 F.2d 688 (2d Cir. 1973), would appear to the contrary. In that case the Government sought a continuance in a sealed affidavit to the court based on the need to keep a witness's identity secret for some time because he was engaged in an important investigation. In open court the Government characterized its need for a continuance as resulting from the "unavailability" of the witness. It was clear that the witness was available, and before this court on appeal, the grant of the continuance was upheld, citing without explanation Rule 5(c)(ii). 479 F.2d at 694. While not taking issue with the summary treatment in *Cuomo,* we note that a more appropriate citation might have been Rule 5 (h). In any case, while Rule 5(c) and Rule 5(h) are intended to be complementary, we do not need to read them as necessarily mutually exclusive. Thus, even if the Government might have been able to obtain a continuance under Rule 5(c)(ii) in this case, if its circumstances are genuinely exceptional within the meaning of Rule 5(h), its failure to seek a continuance under (c)(ii) will not defeat an independent exclusion of time under (h). As the Statement to Accompany the Rules 8–9 says:

Rules 5(c)(ii) and 5(h), and indeed all the rules, are designed to permit the district courts to exercise a sound discretion in cases where special circumstances require an extension of time.

ceptional enough to merit an extension of time, the public interest in prompt adjudication must be balanced against competing interests. Here the delay occasioned by the secret investigation of the officer/witness furthered the public interest in full investigations of police corruption, a serious problem in New York City.[9] Had the case been brought to trial while the investigation was in process, and had the defense cross-examined the witness concerning his alleged misconduct, the investigation would have been frustrated. In such a situation we think the balance tips in favor of a finding of "exceptional circumstances" to bring this case within Rule 5(h). We are aided in this conclusion by the district judge's own statement at the October 13, 1972, hearing that "I think I would have been duty bound to extend your time, because I think you would have fit under Rule 5(h). I agree with that . . . ."

■ Our analysis could end here, but we note that under the affidavits a dispute exists over whether the Assistant United States Attorney in charge of the case was aware of the secret investigation going on before the six-month period elapsed. *Compare* affidavits by Mr. Mogel, attorney for defendant-appellee, and Assistant United States Attorney Rohrer. It might be argued that the delay could not have been caused by exceptional circumstances unless the Assistant in charge of the case was aware of those circumstances. We believe otherwise, however, again after weighing the competing interests. Here, the circumstances necessitating the delay were beyond the control of the Assistant, so that, even had he known about them, he would not have been able to advance the date of the trial. The threat of dismissal only finds its justification in providing an incentive to prosecutors to prepare and bring on cases promptly, but this rationale would not be served here by dismissing a case where the prosecu-

tor's efforts would have been to no avail. Rather the only effect of a dismissal would be needlessly to penalize the Assistant, and, not incidentally, the public.

For these reasons, the judgment of the district court must be and hereby is reversed, and the cause remanded for trial.

---

9. *See* Report of the Commission to Alleviate Allegation of Police Corruption and the City's Anti-Corruption Procedures (1972).