**UNITED STATES of America**

v.

**Andre SANCHEZ et al., Defendants.**

**No. 73 Cr. 48.**

United States District Court,
S. D. New York.

March 25, 1974.

Paul J. Curran, U. S. Atty., for plaintiff. By: Pamela Davis, Asst. U. S. Atty., of counsel.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendant Andres Sanchez. By: Paul R. Grand, New York City, of counsel.

Legal Aid Society, for defendant Arturo Sanchez. By: Thomas Concannon, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendants Andre Sanchez and Arturo Sanchez have moved to dismiss the indictment for failure to comply with the "Plan for Achieving Prompt Disposition of Criminal Cases" (hereinafter the "Plan") promulgated pursuant to Rule 50(b) of the Federal Rules of Criminal Procedure.

The indictment was filed on January 15, 1973, charging the defendants with conspiracy to distribute narcotics. On May 14, 1973, the government filed a Notice of Readiness for Trial and the Court fixed August 1, 1973 as the date of trial. On July 30, 1973, the Assistant United States Attorney applied for an adjournment on the ground that the government's principal witness, Patrolman Charles Martinez, had sustained severe injuries as the result of an accident on July 20, 1973, and was unavailable to testify. The application was granted and a new trial date set for late August 1973. Later, the trial was rescheduled for October 15, 1973.

On October 10, 1973, the Assistant United States Attorney again applied for a postponement due to the unavailability of Patrolman Martinez. The defendant Andre Sanchez opposed the application, on the ground that there was no assurance of the witness becoming available within a reasonable period as prescribed in Rule 5(c)(i) of the Plan, and also cross moved to dismiss the indictment. Both motions were heard on October 12, 1973, but the formal decision denying them was unfortunately never docketed.

Because of the Court's involvement in two previously scheduled and unexpectedly lengthy trials, in one of which the attorney for Andre Sanchez represented the plaintiff, the case was not called to trial again until March 21, 1974. However, on January 22, 1974, in response to an inquiry from the Court, the Assistant United States Attorney said that the government was prepared to go to trial the following day before Judge Bauman. In late February 1974, both defendants again moved to dismiss the indictment for failure to comply with the Plan, and a hearing was held on this motion on March 22, 1974.*

The defendants advance alternative arguments in support of the motion to dismiss. On the one hand they argue that there is no reasonable likelihood that the government's principal witness will become available to testify. This argument the government answers by stating that Patrolman Martinez is presently available to testify and that the government is ready to go to trial. The defendants then claim that if Patrolman Martinez is presently available, he has also been available during the past six to eight months and that the earlier adjournments were therefore not justified. It was to this question that the hearing was addressed.

The only person who testified at the hearing was Patrolman Martinez himself. He stated that following his accident on July 20, 1973, he was placed on sick leave until August 7, 1973, when he returned to work. He said that he was assigned to light duty until September 13, when he had another accident, causing him to be absent from work until December 3, 1973. During this period and continuing to the present time, his main symptoms were intermittent nausea and vertigo, but he was nonetheless able to drive a car. He said that the nausea would precede the vertigo and that if he happened to be driving, he would pull over to the side when he felt the nausea and wait 10 or 15 minutes until the vertigo passed. He was not aware that the trial of this case had been adjourned on his account, and he had not been called at home by the As-

---

* The trial did not start on March 21, 1974, as scheduled, because the defense attorneys requested a short adjournment to allow them to interview a potential witness whose existence they learned of only on the eve of trial.

sistant United States Attorney in either August or October to discuss his availability for trial. However, the Assistant United States Attorney represented at the hearing that both times before requesting a postponement she had called Patrolman Martinez' office, had been told he was on sick leave, and had discussed his symptoms with the Police Surgeon. In addition to his testimony, Patrolman Martinez' medical records were introduced, showing that the July 20 accident had caused temporary blackness of vision in his left eye in addition to the dizziness and that the accident of September 13 had caused a cerebral concussion. An eye examination of November 9, 1973 indicated that there was no longer a problem with his vision.

■ These facts do not justify dismissing the indictment. Both times the government requested an adjournment Patrolman Martinez was too ill to be at work and hence too ill to testify. The fact that he could drive a car does not alter this conclusion, nor does the fact that the Assistant United States Attorney did not telephone him at home. Both the government and the defendants are entitled to the testimony of a witness who is not likely to be seized by blackness of vision or dizzy spells on the witness stand.

■ In these circumstances, dismissal of the indictment is not required by the Plan for Achieving Prompt Disposition of Criminal Cases. The Plan necessarily allows the government a certain amount of flexibility in making its witnesses available for trial. United States v. Rollins, 475 F.2d 1108 (2d Cir. 1973); United States v. Cacciatore, 487 F.2d 240 (2d Cir. 1973); United States v. Cuomo, 479 F.2d 688 (2d Cir. 1973). Here the government's Notice of Readiness was filed within four months of the indictment, and the original scheduling of the trial on a date two and a half months later was necessary to accommodate the crowded calendar of a newly appointed judge with a large caseload. Similarly, the period between December 3, 1973 and March 21, 1974, was taken up by two previously scheduled trials. Under the circumstances, the four month period of adjournment from August to December 1973, caused by Patrolman Martinez' illness, was a "reasonable period" within the meaning of Rule 5(c)(i).

■ The defendants argue that the government should have notified the Court when Patrolman Martinez became available on December 3. While this undoubtedly would be preferable as a general practice, it would not have resulted in an earlier trial for these defendants and therefore the government's failure to do so does not require dismissal of the indictment.

The final argument of defendant Andre Sanchez is that he has been prejudiced by this delay because he is currently serving a six year sentence which was imposed in August 1972, in an unrelated case. He argues that had he been convicted and sentenced in this case in August 1973, his sentence could run concurrently with the one he is presently serving. Further, he claims additional prejudice because he is now eligible for parole but it cannot be granted in view of the unresolved indictment herein.

■■ Prejudice to the defendant is a key factor to be considered in deciding whether an indictment should be dismissed because of pretrial delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). Here, however, the prejudice to the defendant is actually minimal. If he is convicted on the present indictment, I will take into consideration the time lost in pretrial delay. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). With regard to his eligibility for parole, while the delay of a month or so between the time he became eligible for parole and the time the case was called to trial is unfortunate, it does not necessarily require dismissal of the indictment.

■ The question whether in a particular case the interests of fairness mandate dismissal of an indictment be-

cause of pretrial delay requires a balancing of the interests of the government against the interests of the defendant. Barker v. Wingo, *supra*. Factors to be considered include the length of delay, the reason for the delay, and the defendant's assertion of his rights, as well as prejudice to the defendant. Id. Here the defendant Andre Sanchez was diligent and persistent in asserting his rights, but since the delay was reasonable and the prejudice to the defendant minimal, justice requires that the motion to dismiss the indictment be denied.

So ordered.