**UNITED STATES of America**

v.

**Israel RODRIGUEZ, Defendant.**

**No. 75–CR–431.**

United States District Court,
E. D. New York.

Sept. 8, 1975.

---

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for United States; Jonathan M. Marks, Asst. U. S. Atty., of counsel.

Federal Defender Services Unit, The Legal Aid Society, Brooklyn, N. Y., for defendant; Joanna Seybert, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

The defendant, Israel Rodriguez, moves pursuant to Rule 50(b) of the Federal Rules of Criminal Procedure to dismiss the indictment against him because of the Government's failure to comply with Rule 4 of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases adopted pursuant to Rule 50(b). Rule 4 provides that:

"In all cases the government must be ready for trial within six months from the date of arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), whichever is earliest. If the government is not ready for trial within such time, or within the periods as extended by the district court for good cause under rule 5, and if the defendant is charged only with non-capital offenses, then, upon application of the defendant or upon motion of the district court, after opportunity for argument, the charge shall be dismissed."

On December 3, 1974, Rodriguez was arrested with two co-defendants, Luis Laboy and Jose Laboy, and was charged with possessing cocaine with intent to distribute the same in violation of 21 U.S.C. §§ 841(a)(1) and 846. All three defendants were arraigned before a U.S. Magistrate on December 6, 1974, and pleaded not guilty and subsequently, on February 13, 1975, all of the defendants except Rodriguez were indicted. On May 19, 1975, the defendants Luis Laboy and Jose Laboy appeared for trial before this Court but the Government requested an adjournment on the ground that new information made it apparent that Rodriguez should also be indicted and tried with the other two defendants. An adjournment to July 29, 1975, was granted in the presence of and with the consent of Ms: Joanna Seybert, counsel for Rodriguez, who had been appointed by the Magistrate at Rodriguez's arraignment on December 6, 1974, after his arrest. Rodriguez was subsequently indicted in the afternoon of May 19, 1975, and the indictment was filed on May 20, 1975. Two and one-half weeks later, on June 6, 1975, Rodriguez was arraigned on the indictment and pleaded not guilty. On

June 30, 1975, the Government filed its Notice of Readiness.

Rodriguez claims that the six-month period for readiness as contained in Rule 4, *supra,* expired on June 3, 1975, and that the indictment should be dismissed because the Government failed to both schedule the arraignment on the indictment and file its Notice of Readiness prior to that date. In response the Government claims that it was actually ready to proceed to trial on May 19, 1975, a date within the six-month period, and that its readiness to so proceed was actually conveyed in open court to the defendant and his attorney, thereby making unnecessary the mere technicality of filing a formal written notice of readiness.

It is not disputed that the six-month period is to be measured from December 3, 1974, the date of arrest, and the Government does not claim any exclusions of time pursuant to the provisions of Rule 5 of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases. Therefore, there is no question that the six-month period expired on June 3, 1975, and that the Government was required to comply with Rule 4 prior to that date. We find, however, that the defendant was not calendared for a pleading on the indictment until three days after the expiration of the six-month period.

 Here the Government's failure to file a written notice of readiness prior to June 3, 1975, is not fatal since actual notice of readiness was given to the defendant on May 19, 1975, and the Government was actually ready to proceed to trial on that date subject to Rodriguez being indicted. After hearing arguments for both sides, the Court faults the Government in two respects: (A) failure to indict Rodriguez between December 3, 1974 and May 19, 1975, and (B) failure to insist on an arraignment on the indictment prior to June 3, 1975. The Government attempts to explain its failure to indict Rodriguez until May 19, 1975, on the ground of newly discovered evidence from an informant. It must be noted, however, that the reason for the delay in receiving this new information was the failure on the part of the attorneys for the Government to interview the informant until two days prior to the scheduled trial date despite the fact that his identity was known. Instead of interviewing the informant himself, the Government chose to rely solely on an agent's report concerning the information available from the informant. This clearly amounted to inadequate investigation.

Referring to the second fault, which is fatal to the Government, the Government had two and one-half weeks to arraign Rodriguez prior to June 3, 1975, without doing so. In *United States v. Bowman,* 493 F.2d 594 (2d Cir. 1974), clarifying *United States v. Valot,* 473 F.2d 667 (2d Cir. 1974), the defendant was arrested on November 16, 1972 and indicted on May 8, 1973. On May 9, 1973, the Government filed its Notice of Readiness and on May 21, 1973, the defendant was arraigned on the indictment. The six-month period expired on May 16, 1973, and the defendant was not arraigned until five days after the expiration of that period despite the fact that the Government's Notice of Readiness was filed prior to the expiration of the period. The Court found that a Notice of Readiness is not effective as a practical matter until issue is joined and accordingly held that within the six-month period the Government must require the defendant to plead and it must file its Notice of Readiness. Although the Court found excusable neglect in the Government's failure to have the defendant arraigned within the six-month period, caused by understaffing arising from the transition in the United States Attorney's office, it made it quite clear that a similar neglect in the future would not be tolerated.

Here, unlike *Bowman,* the Government's failure was not occasioned by excusable neglect and the principle there outlined is dispositive of this case. Joinder after the six-month period in the circumstances of this case made it impossible to try the case before the expira-

tion of that period, even though the Government might have been ready for trial before joinder in view of its prior preparation to try the two co-defendants. While such a result may seem to be harsh on the Government, it is necessary to prevent the circumvention of Rule 4 by indicting and filing a Notice of Readiness on the eve of the expiration of the six-month period and the delaying arraignment for several weeks. Here Rodriguez did not waive his right to be arraigned within the six-month period and, consequently, the indictment must be and hereby is dismissed.

So ordered.