**UNITED STATES of America**

v.

**Harvey KAYE, a/k/a Harvey Kornbluth, et al., Defendants.**

**No. 71-C-1253.**

United States District Court,
E. D. New York.

Oct. 8, 1971.

Robert A. Morse, U. S. Atty., E.D. N.Y., Denis E. Dillon, Organized Crime Section, Brooklyn, N. Y., by William T. Murphy, Brooklyn, N. Y., of counsel, for plaintiff.

James M. LaRossa, New York City, for defendants Cacace.

No appearance for defendant Kaye.

## MEMORANDUM AND ORDER

COSTANTINO, District Judge.

The three defendants in this action were arrested in March 1971 and were charged with concealing and aiding and abetting in the concealment of assets of a business in contemplation of bankruptcy, 18 U.S.C. §§ 2, 152 (1970). Rule 4, Second Circuit Rules Regarding Prompt Disposition of Criminal Cases (Jan. 5, 1971, as amended, May 24, 1971) [hereinafter Criminal Case Rules], provides, in pertinent part, that the Government must be ready for trial within six months from the date of arrest. The court of appeals made its rules applicable to all cases pending on the date of promulgation as well as to cases to be commenced in the future. Criminal Case Rules at 9.

On October 1, 1971 the Government moved this court under Rule 5(c), (h) of the Criminal Case Rules for an extension of time within which the defendants could be prosecuted on the charges which led to their arrest. The Government alleges in its affidavit that continued investigation has revealed complexities that would make the case impossible to prepare for indictment without a minimum of "two weeks of uninterrupted work." Two of the defendants, Joel J. Cacace and Louis C. Cacace, in addition to opposing the Government's motion, have cross-moved under rule 4 for a dismissal of the charges against them.

■ Since the defendants in this action were arrested after the Criminal Case Rules were promulgated, there can be no question about their applicability. While not disputing this, the Government argues that the time in which its case must be ready for trial under the Rules should be computed from the effective date of the rules, July 5, 1971. This construction, however, is contrary to the clear mandate of the Second Circuit that on the effective date the provisions of the Criminal Case Rules, including the six-month readiness requirement of rule 4, are applicable to all pending cases. The Second Circuit underscored its intent by instructing the Government's attorneys to use the six-month period between promulgation and effective date "to determine which cases should be reached for trial and *which cases should be discontinued*." Criminal Case Rules at 9 (emphasis added).

■ Almost seven months have elapsed from the date the defendants were arrested to the date the Government moved this court for an extension of time. Clearly, under the six-month provision of rule 4 the Government has delayed too long. Furthermore, even if the Government's motion was made within the six-month period, the Government would not be entitled to an extension of time as of right. Under rule 5, the power to extend time rests in the sound discretion of the court. In order to guide the district courts, the court of appeals provided:

> In construing rule 5(c) (ii) the failure of the government to be ready for trial would not ordinarily be ground for extending the trial time limitations; but there are a considerable number of federal prosecutions, such as antitrust, fraud, conspiracy, and income tax cases, which, because of their nature and complexity, may require more than the prescribed period for pretrial proceedings and discovery. Rules 5(c) (ii) and 5(h), and indeed all the rules, are designed to permit the district courts to exercise a sound discretion in cases where special circumstances require an extension of time.

Criminal Case Rules at 8–9. The charges that comprise the subject matter of this action, however, are quite simple. They do not rise to the level of "special circumstances" contemplated by the Second Circuit when it gave the district courts of this circuit the authority to toll the time within which the Government must be ready for trial. Moreover, revelations in the course of investigation indicating that the defendants may also be involved in other criminal schemes does not bear at all on whether the time within which the defendants can be prosecuted on the charges actually brought against them should be extended.

■ Accordingly, as to the defendants Cacace, the Government's motion for an extension of time is denied. The charges against the defendants Cacace are hereby ordered severed from the charges against Harvey Kaye and the cross-motions by the defendants Cacace to dismiss the charges now pending against them are granted. The defendant Harvey Kaye, on the other hand, has not appeared in opposition to the Government's motion nor has he cross-moved for dismissal of the charges against him. Nevertheless, since six months have elapsed, no time remains for the court to toll. Thus, the Government's motion for an extension of time must also be denied. The charges against Kaye, however, will continue in effect pending a proper motion before a judge of this court.

So ordered.