**UNITED STATES of America,
Plaintiff,**

v.

**Robert REINGOLD, Defendant.**

**No. CR–1971–135.**

United States District Court,
W. D. New York.

Nov. 14, 1974.

John T. Elfvin, U. S. Atty. (Richard E. Mellenger, Buffalo, N. Y., of counsel), for the Government.

William B. Mahoney, Buffalo, N. Y., for defendant.

CURTIN, Chief Judge.

This matter is before the court on a motion of the defendant filed pro se on September 20, 1973, for an order to dismiss the indictment in CR–1971–135 for failure to afford the defendant a speedy trial.

This motion came upon my calendar in February of 1974 after the death of Chief Judge John O. Henderson. By that time the government had responded to the motion of the defendant. In order to familiarize myself with the history of the proceedings, I directed the United States Attorney to file a supplementary response to the motion to dismiss. After considering the original response filed on April 15, 1974, I directed the United States Attorney to file an additional affidavit, which was done on June 19, 1974. Following the receipt of this affidavit, the defendant's attorney responded with a letter and affidavit of his own on June 21, 1974.

 The indictment in this case, CR–1971–135, which was filed on September 8, 1971, charged the defendant with distributing hashish in violation of 21 U.S.C. § 841(a)(1). The defendant was originally arrested on this charge on June 29, 1971. Under the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, 28 U.S.C.A. App. (Supp. 1973) [Rules], and its offspring, the current Western District of New York Plan For Achieving Prompt Disposition of Criminal Cases [Plan], the government is required to be ready for trial within six months of the time of arrest, excluding certain enumerated time periods [United States v. Scafo, 480 F.2d 1312 (2d Cir. 1973); United States v. McDonough, 2d Cir., 504 F.2d 67].

Before analyzing the question of whether or not the United States Attorney complied with the applicable standards in this case, however, it is necessary to explain in some detail other charges pending against the defendant at the time of his arrest on this charge, and indictments filed against him subsequent to his arrest.

On June 29, 1971 when the defendant was arrested by federal agents on the hashish charge, eventually CR–1971–135, he was awaiting trial in the Erie County Court of New York State on a 1969 indictment charging him with assault, burglary, attempted robbery, and other crimes. Represented there by attorney William B. Mahoney, the defendant was tried on these state charges from September 10, 1971 until September 27, 1971, when the jury reported in disagreement. The second trial on the state court charges, in which he was represented by attorney Harold J. Boreanaz, began on November 22, 1972 and continued until December 5, 1972, when the jury returned a verdict of guilty of burglary, first degree, and grand larceny, third degree. On January 8, 1973 the state court imposed sentences on these charges, the longest of which was twenty-five years. On April 12, 1974 the Appellate Division of New York State Supreme Court reversed the state court convictions and that case is awaiting retrial in the state court.

On September 8, 1971 the defendant was indicted in federal court on the hashish charge, CR–1971–135. He was represented by attorney William B. Mahoney at arraignment and throughout the pretrial proceedings. No trial was held on this charge and it is the subject of the present motion to dismiss.

On December 9, 1971 the defendant was indicted in this court on a counterfeiting charge, CR–1971–219. Represented by attorney Harold J. Boreanaz, he was tried on that charge from June 1 through June 14, 1972, when the jury returned a verdict of guilty. After a presentence report was received, Judge Henderson sentenced the defendant for a period of study pursuant to 18 U.S.C. § 4208(b) on July 31, 1972. On August 19, 1972 he was transported to a federal penitentiary for study and was returned to the district on October 30, 1972. Upon his return, the defendant appeared

initially for sentencing on November 20, 1972 but sentencing was delayed until December 11, 1972, at which time Judge Henderson imposed a sentence of five years. On August 17, 1973 an appeal on the counterfeiting charge, CR–1971–219, was dismissed for failure to prosecute. However, in October of 1973, upon application of the defendant, the appeal was reinstated and it is now pending on the Appellate docket.

On January 10, 1973 the defendant was indicted again in federal court on an obstruction of justice charge, CR–1973–28, which arose out of the murder of a witness in the counterfeiting case, CR–1971–219. On January 15, 1973 Mr. Reingold appeared for arraignment on the obstruction charge before me, represented by attorney Harold J. Boreanaz who advised that he was appearing to expedite the arraignment and to arrange for his own withdrawal from the case. He also assisted the defendant in petitioning for assignment of another attorney and represented to the court that the defendant was indigent. After examining all of the circumstances, I determined that Reingold was indigent under the applicable standards and entitled to assignment of counsel. On the following day I assigned attorney George P. Doyle to represent the defendant, but he withdrew because of a conflict and was replaced by attorney Carl H. Dobozin. After extensive pretrial proceedings, the obstruction charge was dismissed on motion of the government on May 24, 1974.

■ Having reviewed the defendant's procedural history, we can now turn to the speedy trial question. The government has not offered an explanation of why there was a delay in the proceedings from the date of arrest, June 29, 1971, until September 8, 1971 when Reingold was indicted on the hashish charge, CR–1971–135. Therefore, the 73 days which elapsed from the date of arrest until the eve of trial in the state court, which began on September 10, 1971, must be charged to the government.

■ The period from September 10, 1971 until September 30, 1971 should be excluded because the defendant was involved in the state court trial and Mr. Mahoney, his attorney, made arrangements to delay the arraignment before Judge Henderson until September 30. The period from September 30 until October 18, 1971 is excludable because a delay to file pretrial motions was granted at the request of the defendant's counsel. On October 18, 1971 Mr. Mahoney filed a motion for inspection of grand jury minutes. The pendency of this defense motion excuses the government from proceeding to trial under Section 5(a) of the Rules.

■ In spite of the pending motion, on the following day, October 19, 1971, the United States filed a notice of readiness. While the act of filing a notice comports with the procedure approved in United States v. Pierro, 478 F.2d 386 (2d Cir. 1973), the filing of such a notice alone, however, is not dispositive regarding any future delays. The government opposed the defendant's motion for inspection of the grand jury minutes and this motion was not granted by Judge Henderson until January 11, 1972. Under the circumstances, it appears that the notice of readiness filed on October 19, 1971 was meaningless. *See* United States v. Pollack, 474 F.2d 828 (2d Cir. 1973), and the same case on remand, 364 F.Supp. 1047 (S.D.N.Y.1973).

From January 12, 1972, after Judge Henderson had filed his order granting inspection of the grand jury minutes, until March 30, 1972, 78 days elapsed in which no activity was evident on the part of the government. On March 30, 1972 the government sent a letter to the defendant's attorney, which can be considered as the operative notice of readiness. This second notice advised Mr. Mahoney that the government would seek a trial date in the hashish case on April 3, 1972 before Judge Henderson.

Adding the period of delay from January 12, 1972 until March 30, 1972 to the prior period tolled from June 29, 1971 until September 10, 1971 results in

a total lapse of 151 days chargeable to the government.

On April 3, 1972 when Mr. Mahoney appeared for the purpose of setting a trial date, the matter was "held generally." From the court records and the affidavits filed, it appears that this was done to allow the defendant's attorney in the counterfeiting case, Harold J. Boreanaz, and representatives from the government to meet in regard to the counterfeiting case. However, there is no evidence to indicate that either Mr. Mahoney or Reingold requested or acquiesced in the delay regarding the hashish charge. There is nothing in the court records to indicate any activity in the hashish case from April 3, 1972 until November 20, 1972.

During this period, however, the defendant and his counsel were busy in the state court proceedings and in this court. The counterfeiting case, CR–1971–219, was tried in June and the defendant was sent for study in July of 1972, and was not returned from study until October 30, 1972. At that time preparations were under way for the defendant's trial in state court. When the defendant appeared before Judge Henderson for final sentencing in the counterfeiting case, CR–9171–219, on November 20, 1972, the government immediately moved the hashish case for trial, but further postponement was needed to allow the state court trial to go forward.

 It is clear that the trial of the later counterfeiting charge, CR–1971–219, cannot be used by the government as justification for failure to reach the older hashish charge. *See* United States of America v. Kaye, 334 F.Supp. 326 (E.D.N.Y.1971). In fact, the pendency of the hashish charge appears to justify exclusion of that time from the six months applicable to the counterfeiting charge. *See* United States of America v. Cangiano, 491 F.2d 906, 909 (2d Cir. 1974). Nevertheless, when one considers the other proceedings, state and federal, confronting the defendant, the court is forced to conclude

that there were exceptional circumstances justifying the delay under Section 5(h) of the Rules. Therefore, the court determines that the period from March 30, 1972 until November 20, 1972 should not in fairness be charged to the government. United States v. Rollins, 487 F.2d 409 (2d Cir. 1973).

The events following November 20, 1972 until September 20, 1973, however, when the defendant moved for dismissal for failure to afford a speedy trial, show a failure of the government to follow the Rules and require a dismissal of the indictment.

On November 20, 1972, the date of sentencing in the counterfeiting case, the Assistant United States Attorney charged with prosecuting the hashish case advised Judge Henderson in court as follows:

> To set date for trial, Criminal 1971–135, United States versus Robert Reingold, Your Honor, this is another matter concerning Mr. Reingold. We have been advised that Mr. Mahoney does not represent this man in this matter. Also, as before, the man is on trial in County Court. We request a two week adjournment at this time so we can see about an attorney for Mr. Reingold and let the other trial conclude.

The court granted the adjournment until December 4, 1972. When the counterfeiting case, CR–1971–219, appeared again on the court's docket for sentence, the hashish case, CR–1971–135, also appeared again for the setting of a date for trial. Because the defendant was still on trial in state court, however, the sentencing in the counterfeiting case was adjourned until December 11, 1972. With regard to the hashish case, the following information was given to the court by the Assistant United States Attorney:

> ASSISTANT: To set date for trial, Criminal 1971–135, United States versus Robert Reingold. As the Court pointed out before, Mr. Reingold is presently on trial in County Court. His attorney in this case used to be William Mahoney. He called me and

advised that he no longer represented Mr. Reingold. I don't know what Mr. Reingold's financial status is at this time. I would presume that perhaps this could be handled at the time of Mr. Reingold's sentencing.

THE COURT: Bring it up at that time.

ASSISTANT: I will, your Honor.

On December 11, 1972 Mr. Reingold, represented by Harold J. Boreanaz, was sentenced by the court for a period of five years on the counterfeiting charge. However, in spite of the court's prior direction, no mention of the hashish case was made by anyone at that time. Nothing further occurred in the hashish case until September 20, 1973 when the court received a motion from Robert Reingold, pro se, to dismiss the hashish case for failure to provide a speedy trial.

■ It is important to note that nine months earlier, on January 15, 1973, the defendant appeared before me for arraignment in the obstruction of justice case, CR–1973–28. He represented that he was an indigent and, after the court was satisfied of that fact, counsel was assigned to represent him. There can be no dispute that this information was clearly available to the United States Attorney's office.

Under Section 4 of the Rules, the government must be ready to proceed to trial within six months of arrest. In computing the time within which the government must be ready for trial, certain periods may be excluded under Section 5 of the Rules. Section 5(g) excludes:

The period during which the defendant is without counsel for reasons other than the failure of the court to provide counsel for an indigent defendant or the insistence of the defendant on proceeding without counsel.

The Plan is identical in this report.

The circumstances presented here indicate inexcusable neglect by the government. First, because of the reputed conversations with attorney Mahoney, the government representatives believed that the defendant was without counsel in the hashish case. Secondly, on November 20, 1972 the government made representations to Judge Henderson that they would check into Reingold's finances and inquire into the attorney problem. Thirdly, although directed by Judge Henderson to report back to him on December 11, 1972, nothing was done. Fourthly, the government was aware that Reingold was determined to be an indigent as of January 15, 1973 when counsel was assigned to him in the obstruction case. Fifthly, no action whatever was taken in the hashish case from December 4, 1972 until September 20, 1973 when Reingold filed his pro se motion. During this period of time it appears that the defendant was unrepresented, indigent, and that this period must be charged to the government.

It should be noted that after the defendant filed his pro se motion in September of 1973, Judge Henderson assigned attorney Carl H. Dobozin to represent Reingold on the motion. When this information was relayed to Reingold, the defendant informed the court that he still considered Mr. Mahoney as his attorney. This fact was confirmed by Mr. Mahoney in a letter addressed to the court. But whether or not Reingold was represented by Mr. Mahoney from December 1972 until September 1973 is beside the point. During this time the government believed that the defendant was not represented and no steps were taken by the government to see to it that representation was obtained, nor was the case moved for trial.

Therefore, under all of the circumstances, the indictment in CR–1971–135 must be dismissed with prejudice. Hilbert v. Dooling, 476 F.2d 355 (2d Cir. 1973) en banc; cert. denied, 414 U.S. 878, 94 S.Ct. 56, 38 L.Ed.2d 123 (1973).

So ordered.