**UNITED STATES of America, Appellant,**

v.

**Joseph A. PIERRO, Appellee.**

**No. 917, Docket 73-1494.**

United States Court of Appeals, Second Circuit.

Argued April 27, 1973.

Decided May 9, 1973.

L. Kevin Sheridan, Stephen M. Behar, Asst. U. S. Attys., Brooklyn, New York (Robert A. Morse, U. S. Atty., for the E.D.N.Y., on the brief), for appellant.

Jerome Lewis, New York City, for appellee.

Before BREITENSTEIN,* KAUFMAN and MANSFIELD, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

We are called upon to interpret a portion of Rule 4 of the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases (Rules), now superseded by the Circuit's Plan for Prompt Disposition of Criminal Cases under Rule 50 (b), F.R.Crim.P., which took effect on April 1, 1973. Rule 4 states:

> In all [criminal] cases the government must be ready for trial within six months from the date of arrest, service of summons, detention, or the filing of

* United States Court of Appeals, Tenth Circuit, sitting by designation.

a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), whichever is earliest. If the government is not ready for trial within such time, then, upon application of the defendant or upon motion of the district court, after opportunity for argument, the charge shall be dismissed.

Judge Costantino, in the district court, held that on the facts of this case the Government had failed to comply with the mandate of Rule 4. Accordingly, upon application of the defendant, Joseph Pierro, he dismissed the indictment. For the reasons given below, we reverse.

The facts relevant to this appeal are quite simple. On December 29, 1971, Pierro was arrested by Special Agents of the Federal Bureau of Investigation and charged with possession of goods stolen from interstate commerce. Pierro was released on bond and waived a preliminary hearing. Subsequently, on May 9, 1972 he was formally indicted for knowing possession of 171 cases of cigarettes stolen from a trailer moving in interstate commerce, in violation of 18 U.S.C. § 659. Pierro was arraigned on May 23, 1972, before Judge Costantino, and pleaded not guilty. According to Stephen M. Behar, the Assistant United States Attorney in charge of the prosecution, a notice of readiness for trial was prepared by the Assistant and his secretary on the same date, May 23, 1972. Mr. Behar also advised the district judge that one copy remained in the Government's case file, a second copy was filed with the Administrative office of the United States Attorney for the Eastern District of New York and the original, (which subsequently was found in Judge Costantino's chambers), bore an affidavit stating that a copy of the notice had been mailed to Pierro's counsel, Jerome Lewis, Esq.

Although the Government's records indicate that a notice of readiness had been filed on May 23, 1972—approximately five months subsequent to Pierro's arrest and, thus, within the six-month period provided by Rule 4—the

prosecution remained in limbo for some ten months. The parties did not appear in court again until March 16, 1973, when Judge Costantino, on his own initiative and after being informed that the matter had been pending in excess of six months, placed the case on the calendar. On that day, it was learned during discussion in open court that neither Pierro nor his counsel had received a copy of the Government's notice of readiness, and that apparently no such notice had been filed with the Clerk's office for the United States District Court for the Eastern District. Accordingly, Pierro's counsel moved for dismissal of the indictment for failure of the Government to file a notice of readiness.

On March 23, 1973, when the parties reappeared before Judge Costantino, the judge advised Mr. Lewis and Mr. Behar that a search of chambers had been conducted and the original notice of readiness, dated May 23, 1972, and an attached affidavit of mailing dated the same day, had been found in his files. The docket sheet of the Court, however, did not indicate that a notice of readiness had been filed in the Clerk's office and Mr. Lewis asserted under oath that he had not received a copy of the notice of readiness.

In its findings of fact, the court concluded that neither Pierro nor his counsel had been informed of the Government's readiness for trial. Moreover, although Judge Costantino noted that the original notice of readiness, dated May 23, 1972, had been found in his files (with no determination as to how it got there), he decided that the notice had never been filed with the court clerk. The court also observed that it had not seen a copy of the monthly reports filed by the United States Attorney with the Chief Judge listing cases pending in excess of six months from the date of arrest. Since the delay between date of arrest and "receipt by the defendant of notice that the government was ready for trial was approximately 15 months," and since the delay was not excused by

any "exceptional circumstances," *see* Rule 5(h), Judge Costantino dismissed the indictment under Rule 4.[1] This appeal followed.

The Government advances a two-pronged argument. It is first suggested that nothing in Rule 4, or in any other provision of the Rules Regarding Prompt Disposition of Criminal Cases, explicitly requires the United States Attorney to indicate its readiness for trial. All that Rule 4 compels, we are told, is that "[i]n all cases the government must *be ready* for trial within six months. . . ." (emphasis supplied). Although the Government's assertion as to the literal language of Rule 4 is true enough, we reject the invitation to adopt its wooden construction of the Rules. It would be inconsistent with the intent of the Circuit Council which drafted the Rules, and with sound public policy, to free the Government from the responsibility of communicating its readiness for trial to the court. The purpose of the Rules, as announced in the Statement of the Circuit Council to Accompany Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, is to protect "the interest of the public and the rights of defendants . . . , through a firm control of criminal prosecutions *by the district courts*. . . ." (emphasis supplied).

■■ As the Government notes in its brief, under the Individual Assignment and Calendar Rules of the Eastern District, it is the responsibility of the district court to manage the court's calendar. If the judge is to exercise effective control of his cases, he must be informed of the Government's readiness to proceed. The fact that the Government knows it is ready for trial will be of little significance to the court if it is not given that information. Rule 4 intimates as much in providing that "upon application of the defendant *or upon motion of the district court*, . . . the charge shall be dismissed," if the Government is not ready for trial (emphasis supplied). A judge will best be able to exercise his authority under the Rule if the Government bears the burden of informing the judge of its state of readiness in the pending cases. If neither defendant nor the court were so informed, it is likely that a motion to dismiss under Rule 4 would be made in each criminal case as soon as the six-month period had passed. And, in each case the court would be required to hold an evidentiary hearing to determine, retroactively, whether the Government was ready for trial within six months.[2] We may state with confidence that a desire for such a wasteful procedure could not possibly have motivated the drafters of the Prompt Disposition Rules when a simpler and more efficient device was readily available. The United States Attorney's Office for the Eastern District has sensibly adopted the practice of issuing a written notice of readiness in virtually all cases and we have been assured that this practice will be continued in

---

1. Rule 4 of the Circuit's Rule 50(b) Plan provides that even when the court does not find a basis for tolling any portion of the six-month period (under Rule 5) the indictment may be finally dismissed only if the court does not find "that the government's neglect is excusable." Upon such a finding "the dismissal shall not be effective if the government is ready to proceed to trial within ten days." Under the old Rules, Judge Costantino was not required to determine whether the facts presented an instance of "excusable neglect," but the new Rules would compel such an inquiry.

2. The filing of a notice of readiness by the Government within the six-month period does not, in all cases, foreclose defendants from asserting that the Government was not, in fact, ready within six months, *see e. g.*, United States v. Pollack, 474 F.2d 828 (2d Cir. February 27, 1973). But the fact that defendants may, where appropriate, attempt to show that the Government's notice of readiness was "meaningless", United States v. Pollack, *supra*, slip opinion, at 2045, does not suggest that the court should be required to determine whether, in fact, the Government was ready in *every* case.

the future.[3] We conclude that under Rule 4 the Government must communicate its readiness for trial to the court in some fashion within the six-month period, as extended pursuant to Rule 5. The better practice, in those districts with heavy calendars, is to file a written notice with the clerk of the court for the judge's attention, and to serve a copy on the defendant.

The Government also argues that its conduct in this case is consistent with a requirement that it communicate its readiness within the six-month period. We agree. The Second Circuit Rules Regarding Prompt Disposition of Criminal Cases were not intended to straight-jacket the administration of criminal justice in the federal courts, nor were they designed to place obstacles in the path of legitimate law enforcement efforts and thus thwart the compelling public interest in criminal prosecutions. It was never intended that technicalities would carry the day. Some flexibility may be required in individual cases, particularly when the Government demonstrates that its normal practice comports with the letter and spirit of the Rules, that it proceeded in good faith in the case under consideration and that the defendant has suffered no prejudice as a result of his failure to be informed of the Government's readiness for trial. Pierro's counsel candidly conceded that his client was not prejudiced and we see no purpose to be served by dismissing this indictment.

The critical factor here is the discovery of the Government's notice of readiness in Judge Costantino's files. Although clearly the better practice is for the Government to file its notice with the court clerk, the purpose of the notice of readiness, as we have already intimated, is to inform the court that the case is ready for trial. That purpose was served in this case. Although Judge Costantino does not indicate when the notice of readiness was delivered to his chambers, we conclude that the only reasonable inference to be drawn from the concededly extraordinary circumstances here involved is that the notice was received on or about May 23, 1972, the date which appears on the original notice of readiness and on the affidavit of service. Thus the Government had every reason to believe that it had discharged its obligation—under Rule 4—albeit not in the best manner—to communicate its readiness to the court.

Although we conclude that the Government's failure to inform the defendant of its readiness for trial does not justify dismissal of the charges against him,[4] nothing we say today remotely implies that the Government should alter its policy of providing such notice to defendants in all cases. Nor do we wish to suggest our approval of

3. The commendable practice of filing a written notice of readiness is followed as well by the United States Attorneys' Offices for the Southern and Western Districts of New York. The Government's practice in the Northern District of New York, and in the Districts of Connecticut and Vermont, where the caseload is relatively less burdensome, is, for the most part, to give oral notice of readiness to the court and to the defendant at the time of arraignment. In any event, all United States Attorneys' Offices in the Circuit indicate that their policy is to communicate readiness to the court in some fashion, within the six-month period. Nothing less is permitted by the Rules.

4. Since a defendant's interests are guarded by counsel we believe that on those rare occasions when the Government fails to inform a defendant of its readiness counsel would, upon expiration of the six-month period and in the interest of his client, inquire whether indeed the Government has filed a notice of readiness with the court, if only to prepare the ground for a motion to dismiss under Rule 4. The court, concerned as it is with *all* cases, cannot be expected to make similar inquiries in particular cases in which the Government has failed to communicate its readiness. Thus, although we have indicated that the better practice for the Government is to inform both the court and the defendant of its readiness, an inference of non-readiness arises only if the Government fails to inform the court of its readiness within six months.

the procedure followed here. We have shown in the past that where the overriding interest in prompt disposition of criminal cases is threatened, the Court will not hesitate to impose the sanction of dismissal with prejudice, see Hilbert v. Dooling, 476 F.2d 355 (2d Cir. March 12, 1973). We are of the view, however, that the Rules do not warrant such a result under the circumstances presented here. Accordingly, the order of the district court is vacated and the case is remanded with instructions that the indictment be reinstated.