**UNITED STATES of America,
Appellee,**

v.

**Patrick McDONOUGH, Appellant.
No. 1222, Docket 74–1530.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 12, 1974.

Decided Oct. 3, 1974.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

Ethan Levin-Epstein, Asst. U. S. Atty. (David G. Trager, U. S. Atty., for the E. D. of New York, Kenneth J. Kaplan, Asst. U. S. Atty., of counsel), for appellee.

Before OAKES, Circuit Judge, and FRANKEL and KELLEHER, District Judges.*

PER CURIAM.

■ Before our recent United States v. Flores, 501 F.2d 1356 (2d Cir. 1974), at 1360 (per curiam), Judge Neaher without hearing denied a motion to dismiss for failure to comply with Rule 4 of the Plan for the United States District Court for the Eastern District of New York for Achieving Prompt Disposition of Criminal Cases (Plan).[1] Here the Government did not file its notice of readiness until five days [2] after the six month period had expired. The Government agrees that there should be a remand for an evidentiary hearing on whether any period of time was "excludable" under Rule 5 of the Plan. Thus, the result is easy enough: We remand.

■ We would add, however, a few words that may be helpful to Judge Neaher upon the remand. First, as we read *Flores*, at 1360, there is no *de minimis* time period under the six months' rule; the Government "must be ready for trial within six months . . .," not six months and three days, four

---

* Of the Southern District of New York and Central District of California, respectively, sitting by designation.

1. Rules 4 and 5 are reprinted in their entirety in *Flores*, at 1358 n. 1 and at 1359 n. 2. We incorporate those notes here by reference.

2. Judge Neaher apparently thought that the notice was filed on November 16, 1973, two days after the expiration, but the docket sheet and notice itself both show it was served on the Legal Aid Society on November 19, 1973.

days, five days or nine days.[3] This has to be the case since we are dealing with a clear line of time—much like a statute of limitations—marked for prophylactic purposes, not to be analogized to the equitable doctrine of laches. There are any number of "[e]xcluded periods" under Rule 5 of the Plan on which the Government may base a claim to toll the period, but the period itself is fixed, clearly, sharply and without qualification, at six months.

█ █ Nor by the appellant's waiving his right to a preliminary hearing before the magistrate under Fed.R.Crim.P. 5 does the Government become entitled to any extra time under the Plan; the critical time for commencement of the readiness period is "the date of the arrest, service of summons, detention, or the filing of a complaint or of a formal charge upon which the defendant is to be tried (other than a sealed indictment), *whichever is earliest.*" (Emphasis added.) All that waiver of a preliminary hearing does is relieve the Government from establishing probable cause; it has no bearing 'on the operation of the Plan.

All of this is not to say, of course, that the Government may not be able to find and prove at the hearing other operative facts entitling it to an "[e]xcluded period" under the Plan: a period during which appellant was cooperating with Government officials, United States v. Valot, 481 F.2d 22 (2d Cir. 1973); a period between the date of mailing the notice of arraignment (November 5, 1973) and the date of arraignment (November 14, 1973), unless "a period of delay" under Rule 5(d) to the prosecutors did not result from the defendant's unavailability, United States v. Flores, *supra,* slip op. at 1360, or unless the defendant's unavailability occurred through the fault of the Government; or some other period as set forth in the Plan. *Id.* at 1360 n. 4.

Judgment reversed and remanded.

3. The total time periods involved in *Flores* before the Government filed its notice of readiness were four months and 27 days (from arrest on September 28, 1972, until dismissal on February 23, 1973, at 1358) and 36 days (from reinstatement of indictment on June 19, 1973, until notice of readiness on July 25, 1973, at 1358) or a total of four months and 63 days, *i. e.,* six months and three days. The case was remanded to determine whether the nine day period between reinstatement of indictment on June 19, 1973, and execution of the bench warrant for Flores' rearrest on June 28, 1973, resulted in delay to the Government, at 1360, in the absence of which the indictment was to be dismissed with prejudice, slip op. 5152.