UNITED STATES of America

v.

Joseph LaCRUZ, Defendant.

No. 77 Cr. 654.

United States District Court,
S. D. New York.

Nov. 23, 1977.

Jane Parver, Asst. U. S. Atty., New York City, for plaintiff.

Stephen R. Mahler, Kew Gardens, N.Y., for defendant.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

Defendant Joseph LaCruz is charged with violations of the federal narcotics laws. Count One of the indictment charges defendant with conspiracy to distribute, and to possess with intent to distribute, unknown quantities of an unnamed Schedule II narcotic drug in violation of 21 U.S.C. § 846. Count Two charges him with possession with intent to distribute three ounces of cocaine, a Schedule II drug, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Defendant has made several pre-trial motions including, *inter alia*, an application for an order dismissing the indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, and the Southern District of New York Plan for Prompt Disposition of Criminal Cases ("Southern District Plan" or "the Plan"). For the reasons set forth below, the motion to dismiss the indictment is granted.

### Facts

LaCruz was arrested on March 7, 1977 and arraigned before a magistrate on March 8, 1977 on a complaint charging him with the distribution, and possession with intent to distribute, of ⅛ kilogram of co-

caine. Defendant, who was represented by counsel at the arraignment, was released on bail. The magistrate set April 4, 1977 as the date for the preliminary hearing.

The preliminary hearing was never held. The Assistant United States Attorney, in her supplemental affidavit in opposition to defendant's instant motion, states that at the time of the arrest, the United States Attorney was in the midst of lengthy discussions with Sterling Johnson, Jr., the Special Narcotics Prosecutor for the City of New York, concerning which of the two offices was to be primarily responsible for the prosecution of street-level narcotics cases. By letter dated March 22, 1977, the United States Attorney declined federal prosecution of the defendant and an alleged co-conspirator Paul Bagala in favor of action by the Special Narcotics Prosecutor's office and forwarded defendant's case file to that office. By letter dated March 28, 1977, however, Mr. Johnson declined prosecution as well. Inadvertently, his office retained the case file.

The Government's attention then shifted to Bagala, who had been arrested with La-Cruz and had begun cooperating with the Government on the prosecution of other violations of the narcotics laws. The La-Cruz file was finally located in the Special Narcotics Prosecutor's office in August, 1977. The present indictment, 77 Cr. 654, including both the conspiracy and possession charges, was filed on September 2, 1977, and LaCruz, appearing without counsel, was arraigned on it on September 8, 1977. The Legal Aid Society was assigned to represent the defendant four days later. At a pre-trial conference on September 23, 1977, the Government indicated its readiness to proceed to trial, although to date no notice of readiness has actually been filed with the court. Defendant subsequently discharged his Legal Aid Society counsel and retained his present counsel on September 29, 1977. The instant motions were filed soon thereafter.

Defendant contends that both the Speedy Trial Act and the Southern District Plan have been violated in two respects: 1) the Government's failure to file the indictment within 60 days of arrest, as required by 18 U.S.C. § 3161(b), (f) and § 3(a)(2) of the Plan; and 2) the Government's failure to be ready for trial within six months of his arrest, as required by § 7 of the Plan. The Government concedes that both the Act and the Plan have been violated, but only insofar as the indictment was not filed within 60 days of LaCruz's arrest. It argues that because certain periods of time must be excluded from the computation of the six-month ready for trial period under the Plan, that provision has not been violated. The Government maintains, moreover, that dismissal of the indictment is a discretionary sanction which this court ought not invoke on the facts of this case.

■ The Speedy Trial Act as yet provides no sanctions for its violation because the Act is still in its "phase-in" period. *United States v. Carini,* 562 F.2d 144 (2d Cir. 1977); *see* 18 U.S.C. § 3163(c) (Supp. V, 1975). Consequently, the defendant cannot rely on its provisions to require dismissal of the indictment. Nevertheless, "the federal courts have long had the power to dismiss indictments for inexcusable delay by the government in prosecution," *United States v. Furey,* 514 F.2d 1098, 1102 (2d Cir. 1975). Since 1971, the district courts of this Circuit have adopted a series of plans, all of which have provided for the dismissal of indictments under certain circumstances. *See generally United States v. Salzmann,* 417 F.Supp. 1139, 1148–51 (E.D.N.Y.1976) (detailing the basic provisions of each of the plans). The holding of *Carini* that the Act as yet mandates no sanctions for noncompliance does not alter this court's authority to dismiss under the Southern District Plan because the parties in that case did not raise, and the Court did not consider, the issue of the Government's failure to comply with the applicable plan. *United States v. Carini, supra,* at n. 1. The Court noted, moreover, that "the requirements of [the plan] must be followed strictly." *Id., citing United States v. McDonough,* 504 F.2d 67 (2d Cir. 1974) (per curiam) and *United States v. Flores,* 501 F.2d 1356 (2d Cir. 1974)

(per curiam). The terms of the Southern District Plan became effective on July 1, 1976, and defendant was arrested in March, 1977. Whether this court must dismiss the indictment, or may do so in the exercise of discretion, is thus governed by the terms of the Southern District Plan.

### Violations of the Plan

Defendant correctly asserts that two distinct sections of the plan have been violated. Section 3 provides in pertinent part:

> 3. *Time Within Which an Indictment or Information Must Be Filed.*
> (a) *Time Limits.* If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within the following time limits:

> . . . . .

> (2) If the arrest or service occurs on or after July 1, 1976, but before July 1, 1977, within 60 days of arrest or service.

The filing of the indictment on September 2, 1977—almost six months after defendant's arrest—obviously violates this section of the plan, as the Government readily concedes.

■ Section 7 of the plan provides:

> 7. *Time Within Which the Government Must Be Ready for Trial.*
> Notwithstanding any longer time periods that may be permitted under sections 3, 4, and 5, in all cases the government must be ready for trial within six months from the earliest of the following dates:
> (a) The date on which the defendant is arrested;
> (b) The date on which the defendant is served with a summons; or
> (c) The date on which a complaint, indictment, or information is filed *except* when a sealed indictment is filed, the date on which the indictment is unsealed.

(emphasis in original).

Since the defendant was arrested on March 7, 1977, the Government's failure to be ready for trial on or before September 7, 1977 violates this section of the plan. Although "[t]he better practice, in those districts with heavy calendars, is to file a written notice [of readiness] with the clerk of the court for the judge's attention, and to serve a copy on the defendant," *United States v. Pierro*, 478 F.2d 386, 389 (2d Cir. 1973), the Government must only "communicate its readiness for trial to the court in some fashion within the six-month period." *Id.* In this case, however, the Government did not do so until the pre-trial conference of September 23, 1977—sixteen days after the six-month period ended. The Government argues, however, that the six-month period did not expire because

> (i) the period of time from the March 7, 1977 arrest to the March 28, 1977 declination [sic] of the Office of the Special Narcotics Prosecutor and/or (ii) the period of time from the defendant's initial appearance without counsel on September 8, 1977 until his ultimate retention of counsel on September 28 or 29, 1977, [is] time which the Court is permitted to exclude pursuant to the Local Plan, in the interests of justice.

(Assistant United States Attorney's affidavit at 2–3).

■ The Government misconceives the extent of this court's power to exclude periods of delay in computing any of the Southern District Plan's time limits. Section 10 of the Plan reads in pertinent part:

> 10. *Exclusion of Time from Computations.*
> (a) *Applicability.* In computing any time limit under sections 3, 4, 5, 6, or 7, the periods of delay set forth in 18 U.S.C. § 3161(h) shall be excluded. . . .
> *Periods of delay are excludable only as provided in the Speedy Trial Act of 1974.*

(emphasis added). None of the exclusions set forth in the Speedy Trial Act applies to this case. *See* 18 U.S.C. § 3161(h).[1] While this court may, within certain enumerated constraints, grant a continuance if it finds

---

1. 18 U.S.C. § 3161(h) (Supp. V, 1975) states:
   (h) The following periods of delay shall be excluded in computing the time within which

an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

that the "ends of justice" would be served thereby, *id.* § 3161(h)(8)(a), no such request was ever made prior to the September 7, 1977 deadline. This section of the Act certainly does not permit this court to grant a continuance *nunc pro tunc.* "This has to be the case since we are dealing with a clear line of time—much like a statute of limita-tions—marked for prophylactic purposes, not to be analogized to the equitable doctrine of laches." *United States v. McDonough, supra,* at 69.

### Sanctions

The Government contends that even if this court finds the Southern District

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

(A) delay resulting from an examination of the defendant, and hearing on, his mental competency, or physical incapacity;

(B) delay resulting from an examination of the defendant pursuant to section 2902 of title 28, United States Code;

(C) delay resulting from trials with respect to other charges against the defendant;

(D) delay resulting from interlocutory appeals;

(E) delay resulting from hearings on pretrial motions;

(F) delay resulting from proceedings relating to transfer from other districts under the Federal Rules of Criminal Procedure; and

(G) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement.

(2) Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct.

(3) (A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

(B) For purposes of subparagraph (A) of this paragraph, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of such subparagraph, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

(5) Any period of delay resulting from the treatment of the defendant pursuant to section 2902 of title 28, United States Code.

(6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

(8) (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case taken as a whole is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate preparation within the periods of time established by this section.

(iii) Whether delay after the grand jury proceedings have commenced, in a case where arrest precedes indictment, is caused by the unusual complexity of the factual determination to be made by the grand jury or by events beyond the control of the court or the Government.

Plan to have been violated, dismissal of the indictment is a matter of discretion, and that this sanction is unwarranted under the circumstances of this case. As to the failure to file an indictment within 60 days of arrest, the Government correctly sets forth the applicable standard. Section 11(e) of the Plan states:

11. *Sanctions.*

. . . . .

(e) *Dismissal Not Required.* Except as required by paragraph (c) of this section and by 18 U.S.C. § 5036, failure to comply with the time limits prescribed herein shall not require dismissal of the prosecution. The court retains the power to dismiss a case for unnecessary delay pursuant to rule 48(b) of the Federal Rules of Criminal Procedure.

Dismissal by the court for delay in prosecution pursuant to Rule 48(b), Fed.R.Crim.P., has always been discretionary. *United States v. Furey, supra,* 514 F.2d at 1103; *United States v. Aberson,* 419 F.2d 820, 821 (2d Cir. 1970).

As to the Government's failure to be ready for trial within six months of arrest, however, this court has no such discretion. Section 11(c), which sets forth the sanction for this violation, is specifically excepted from section 11(e)'s general rule of non-mandatory dismissal. Moreover, section 11(c) provides in pertinent part:

(c) *Government Not Ready for Trial.* If the government is not ready for trial within the time prescribed by section 7 and if the defendant is charged only with non-capital offenses, the defendant may move . . . for dismissal of the indictment. . . . The court's order dismissing the indictment shall be with prejudice unless the court finds that the government's neglect is excusable, in which event the dismissal shall not be effective if the government is ready to proceed to trial within ten days. . . .

This court reads sections 11(c) and 11(e) together to *require,* absent a showing by the Government of excusable neglect, the dismissal of an indictment with prejudice when the Government has failed to notify the court that it is ready to go to trial within six months from the defendant's arrest. This construction has been consistently followed in the application of both these sections of the Southern District Plan and the nearly identical sections of other Second Circuit plans. *United States v. Salzmann, supra,* 417 F.Supp. at 1151–52; *see, e. g., United States v. Vispi,* 545 F.2d 328, 332 (2d Cir. 1976) (Western District Plan); *United States v. McDonough, supra,* 504 F.2d at 68 (Eastern District Plan); *United States v. Flores, supra,* 501 F.2d at 1358–59 (Eastern District Plan); *United States v. Furey,* 500 F.2d 338, 340 (2d Cir. 1974) (Eastern District Plan); *United States v. Pierro, supra,* 478 F.2d at 386–87 (Second Circuit Plan); *United States v. Lopez,* 426 F.Supp. 380, 384 (S.D.N.Y.1977) (Southern District Plan); *United States v. Beberfeld,* 408 F.Supp. 1119, 1125 (S.D.N.Y.1976) (Second Circuit Plan).

That the length of the delay in this case was only 16 days—between September 7, 1977, the end of the six-month period and September 23, 1977, when the Government notified the court that it was ready—is legally insignificant. "[N]ot even minimal unexcused delays beyond the six-month period are tolerated" under the plan. *United States v. Vispi, supra,* 545 F.2d at 332 (14 day delay); *accord, United States v. McDonough, supra,* 504 F.2d at 68 (5 day delay). "[T]he period . . . is fixed clearly, sharply and without qualification, at six months." *Id.* at 69. As such, the Government can avoid dismissal with prejudice only if it can show "excusable neglect." *United States v. Lopez, supra,* 426 F.Supp. at 386; *United States v. Beberfeld, supra,* 408 F.Supp. at 1125.

### The Issue of Excusable Neglect

The courts of this Circuit have confined the "excusable neglect" exception to a very limited class of cases. In *United States v. Furey, supra,* 500 F.2d at 344, the Government failed to anticipate a case of first impression: whether the Eastern District Plan applied to juvenile delinquency proceedings pursuant to 18 U.S.C. § 5031.

The Court of Appeals indicated that this could constitute "excusable neglect" and remanded the case for a finding thereon. On remand, the district court noted that the Government had not acted in reliance upon the opinion that juvenile proceedings were not encompassed by the Plan and decided that the neglect was inexcusable. *United States v. Furey*, No. 73–608, at 4 (E.D.N.Y. Aug. 26, 1974). In *United States v. Beberfeld, supra*, 408 F.Supp. at 1125, both the defendant and the Government erroneously concluded that defendant's signed waiver of her speedy trial rights could serve to avoid further proceedings within the six-month period in order to facilitate defendant's cooperation. The court found the *Furey* rationale controlling and held that the neglect was excusable. *Id.* Finally, in *United States v. Bowman*, 493 F.2d 594, 597–98 (2d Cir. 1974), the Court of Appeals held that its lack of clarity in its previous decision of *United States v. Valot*, 473 F.2d 667 (2 Cir. 1973), excused the Government's neglect in failing to comply with the six-month rule. The court warned, however, that its

> decision does not mean that a similar practice on the part of the prosecutor will be countenanced in the future. Having now had fair warning of our clarification of the *Valot* remand, he must at the risk of dismissal of an indictment conform to the six-month requirement as herein clarified.

(emphasis in original).

Implicit in each of these cases is an element of either "detrimental reliance" or "unforeseeability" which is simply not present in the case at bar. Although the Government initially declined prosecution of LaCruz in the expectation that the Special Narcotics Prosecutor would take the case, by March 28, 1977, three weeks after LaCruz's arrest, that office had made clear that it wanted no part of the case. Certainly the Government's subsequent pre-occupation with the alleged co-conspirator Bagala provides no basis for excusing the delay. Moreover the Government cannot be surprised by the applicability of the Southern District Plan to this case; there is nothing in the nature of the charges, nor in the defendant's actions, which can be said to have misled it. Under section 11 of the Southern District Plan, this court has no alternative but to dismiss the indictment with prejudice.

■ The Government contends, however, that if this court rules that the indictment must be dismissed, it must confine its ruling to Count Two, which charges defendant with the substantive crime of possession with intent to distribute, and thereby permit Count One's conspiracy charge to stand. The Government's argument runs as follows: 1) defendant was originally charged only with the substantive crime of possession with intent to distribute; 2) defendant was not charged with conspiracy until the September indictment was filed; 3) a prosecution for conspiracy after acquittal on the underlying substantive crime is permissible; 4) *ergo*, the Government may proceed against the defendant on the subsequent conspiracy charge whatever the disposition with respect to the substantive crime. Whatever relevance this analysis might have with respect to a motion to dismiss the indictment on grounds of double jeopardy, *United States v. Kramer*, 289 F.2d 909 (2d Cir. 1961), it has no applicability to a speedy trial motion. The very purpose of the speedy trial plan is to "minimiz[e] undue delay and further the prompt disposition of criminal cases . . . by concentrating on prosecutorial delay." *United States v. Furey, supra*, 514 F.2d at 1101. The reasoning the Government wishes the court to adopt would permit it to survive any dismissal pursuant to the plan merely by procuring a subsequent indictment on a conspiracy to commit the substantive offense with which the defendant was originally charged. The court declines to permit this circumvention of the Southern District Plan.

Accordingly, defendant's motion to dismiss the indictment is granted with prejudice. In light of this disposition, the court need not rule upon defendant's remaining motions.

So Ordered.