**Robert B. Collings**
**United States Magistrate**

**UNITED STATES OF AMERICA**
**vs.**
**Victor ANGELINI**

**No. 81-221**

United States District Court
Commonwealth of Massachusetts

**December 28, 1982**

Ernest DiNisco, counsel for plaintiff.
Alfred Farese, Sr., counsel for defendant.

## MEMORANDUM OF DECISION

Garrity, J. This action comes before us on defendant's motion to dismiss on the grounds that the government has violated the Speedy Trial Act, 18 U.S.C. sec. 3161 et seq. The court granted the defendant's motion at a prior hearing on October 7, 1982 but reserved the question of whether dismissal would be with or without prejudice.

### Factual Background

Victor Angelini was indicted and tried for possession of cocaine with the intent to distribute. His conviction by a jury was overturned by the Court of Appeals because of an erroneous evidentiary ruling at trial. The case was set for retrial on August 19, 1982. According to the final assignment memorandum of Magistrate DeGiacomo, the time limitation of the Speedy Trial Act would have expired on August 22, 1982. Defendant requested and was granted continuances on August 19 and August 26, 1982. The consequent delay constituted excludable time, and the case was set for trial on September 9, 1982.

What followed can adequately be described only as "musical judges", as the case was apparently bumped back and forth, assigned from Judge #1 to Judge #2, then to Judge #3 and then to us, Judge #4. The case was lost in a shuffle, perhaps explained by the inauguration in December, 1981 of a panel system for processing criminal cases under which responsibility for particular criminal cases was removed from individual judges and transferred to three-judge panels, and the transition from one criminal panel to

another. The case was not heard on September 9, 1982. It was neither continued nor rescheduled according to the procedures of the Speedy Trial Act.

## Dismissal

The Speedy Trial Act provides that "(i)f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. sec. 3162(a)(2). The time limit required by sec. 3161(c) expired on September 12, 1982, and defendant had not been brought to trial. The question for the court, therefore, was whether the time limit was extended pursuant to sec. 3161(h).

This court allowed defendant's motion to dismiss, after hearing, on October 7, 1982. In stating in open court the grounds for our ruling, we relied mainly on the fact that no continuance had been granted between the day trial was scheduled to commence and the day on which the Speedy Trial Act's deadline expired. No court had acted pursuant to any provision of sec. 3161(h), and the government to this date has not filed a motion for continuance.

The government urged us to grant a continuance **nunc pro tunc**, retroactively effective from September 9, 1982. We declined so to rule, first because, in our opinion, a judge not involved with the case at the time a continuance might have been granted lacks authority under the Act to grant a retroactive continuance. In **United States v. Jodoin,** 1 Cir. 1982, 672 F.2d 232, the First Circuit acknowledged its uncertainty about whether a "trial judge could lawfully allow the continuance to stretch backwards in time to cover as many days as needed to make the trial timely." 672 F.2d 237. It cited **United States v. LaCruz,** S.D.N.Y., 1977, 441 F. Supp. 1261, 1265, which stated that sec. 3161(h)(8)(A) "certainly does not permit this court to grant a continuance **nunc pro tunc.** 'This has to be the case since we are dealing with a clear line of time—much like a statute of limitations—marked for prophylactic purposes, not to be analogized to the equitable principle of laches.' " Id. Rather, the Court of Appeals in **Jodoin** retroactively found the delay resulting from a contemporaneous continuance to have constituted excludable time. **United States v. Edwards,** D.C. Cir., 1980, 687 F.2d 460, is not contrary. There, a district court granted a continuance on its own motion and later specified its reasons. The D.C. Circuit held that a contemporaneous statement of reasons is not required by the Act. In the instant case, however, no judge was asked to or decided to grant a continuance. The case was delayed simply because no one on the three-judge panel then in session was available to hear it.

Alternatively, we ruled that even if we had the authority, we would not grant a continuance **nunc pro tunc** under the circumstances of this case. Had defendant not filed its motion to dismiss, the case still might be lost in a procedural twilight zone, neither continued nor rescheduled for trial. There was no extension of time pursuant to 18 USC sec. 3161(h). The case was simply forgotten and delayed by precisely the sort of administrative neglect which the Speedy Trial Act was intended to discourage and sanction. Such a continuance would serve neither the ends of justice nor the purposes of the Act under the circumstances of this case.[1] If the government had taken some initiative by filing a motion for continuance, even after defendant filed its motion to dismiss, we might have faced a different question. But a defendant's attempt to secure its rights under the Speedy Trial Act is not a substitute for governmental vigilance in ensuring the prompt prosecution of cases. The Speedy Trial

---

[1] If a continuance is needed for reasons other than those proscribed by § 3161(h)(8)(C), § 3161(h)(8)(B) directs the court to consider several factors. The court finds these factors to be irrelevant under the circumstances of this case because the delay and expiration of the Speedy Trial deadline were so clearly caused by administrative neglect.

Act was intended to establish specific limits within which a defendant must be tried. To use defendant's assertion of his rights as the equivalent of a government motion for continuance would be to undermine severely the protection which the Act otherwise would afford.

**With or Without Prejudice**

The remaining issue is whether the dismissal should be with or without prejudice. The Act enumerates three factors which a court must consider.

> In determining whether to dismiss the case with or without prejudice, the court shall consider among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. 18 U.S.C. sec. 3162(a)(2).

These factors cannot be considered in a vacuum. The court can properly consider and weigh them only in the context of the ends which the Speedy Trial Act was intended to serve.

Although the statute itself is devoid of explicit guidance on legislative intent, its legislative history reveals a clear purpose. Congress intended to ensure the prompt functioning of the criminal process. The government was to be bound by specific time deadlines,[2] which were to be enforceable by the sanction of dismissal. The original House version of the bill provided only for dismissal with prejudice. "The effect of a dismissal would be to bar any future prosecution for charges arising out of the same conduct." 1974 U.S. Code Cong. and Admin. News, p. 7416. While the original Senate version of the bill also provided for dismissal without prejudice, the government was to bear the burden of proving the existence of "exceptional circumstances" to justify such an action.[3] 1974 U.S. Code Cong. and Admin. News, p. 7429-30.

The legislative history of the 1979 Amendments to the Act, which postponed the effective dates of the dismissal sanction, is also illuminating. In considering the advisability of such postponement, the legislative history noted that "(w)hile the act does permit dismissal without prejudice, extensive use of this procedure could undermine the effectiveness of the act and prejudice defendants, and the committee intends and expects that use of dismissal without prejudice, will be the exception and not the rule." 1979 U.S. Code Cong. and Admin. News, p. 813.

In interpreting the Act as passed and amended, therefore, the court concludes that there must be a presumption that an indictment shall be dismissed with prejudice. Any other position would render the Act self-contradictory. A defendant would find it more advantageous if an indictment were not dismissed, thus leaving only excludable time as legitimate further delay, than if the indictment were dismissed without prejudice, thus granting the government a reprieve of the full statutory time limit, should it decide to reindict.[4]

The court shall now examine the specific factors for determining the issue of prejudice.

---

[2] An indictment or information must be filed within thirty days from the day in which a suspect was arrested or served with a summons. 18 U.S.C. § 3161(b). The defendant must be tried within seventy days from the date the indictment was filed. 18 U.S.C. § 3161(c)(1).

[3] The Senate report cited several examples of "exceptional circumstances," which included a defendant's perjured allegations of the reasons for delay which led the judge to dismiss the case under the Act, or other circumstances which the government could not have foreseen or avoided. 1974 U.S. Code Cong. and Admin. News, p. 7430, citing S. Rept. No. 93-1021, p. 43.

[4] It might be, of course, that the government would not seek reindictment. This possibility should have no bearing on an interpretation of the dismissal provision of the Speedy Trial Act. The purpose of dismissal without prejudice is to give the government the option of reindictment. In granting this option, courts must presume that the government has good reason to reindict and will, in fact, reindict.

**1. Gravity of the Offense.** Defendant was convicted of possession and distribution of methaqualine in violation of 21 U.S.C. sec. 841(a)(2), 18 U.S.C. sec. 2. **United States v. Angelini,** 1 Cir., 1982, 678 F.2d 380, 381. His conviction was overturned because of an erroneous evidentiary ruling at trial. Defendant states in his memorandum that the government's evidence consisted of only "fragments of seven Quaalude tablets with a street value of approximately four dollars apiece." The government acknowledges that "the amount of narcotics which the defendant was charged with distributing is relatively small". The court finds that the seriousness of defendant's alleged conduct is a neutral factor for the issue of dismissal with or without prejudice. Although the charge is serious, the government's proof was, and presumably remains, predicated on a relatively small quantity.

**2. The Circumstances Leading to Dismissal.** The circumstances leading to dismissal were neither defendant's fault nor unforeseeable and unavoidable by the government. It is true that defendant sought and received two continuances, but these were delays of excludable time. The government does not allege and the court does not find that defendant sought these continuances in order to schedule trial during the transition of the criminal panel, anticipating that the case might "get lost in the shuffle." Furthermore, the court does not attribute the procedural mishap in this case to the criminal panel system, **per se.** Rather, it was caused by the negligent administration of the system, and negligent administration is the bane of any system.

Although it appears that no judge was available on September 9 to hear the case, the prosecution had the responsibility to seek a continuance which satisfied the requirements of 18 U.S.C. sec. 3161. The prosecution had three days before the time limit of the Act expired, but it has provided no indication to this court that it made any effort to do so. But even if the prosecution had sought a continuance, whether with the judge scheduled to hear the case on September 9 or with the chief judge, and even if the lapse were solely the responsibility of the court, violation of the Act and defendant's rights would be no less clear. The Act explicitly requires dismissal even when delay is attributable only to the court. 18 U.S.C. sec. 3161(h)(8)(C). Thus the circumstances which led to dismissal do not support a dismissal without prejudice.

**3. Impact of Reprosecution on the Administration of the Act and the Administration of Justice**

Finally, reprosecution of this case will frustrate the purpose of the Act and the administration of justice. The statutory deadline expired because of precisely the sort of administrative neglect which is most justifiably the target of sanction. 1974 U.S. Code Cong. and Admin. News, 7409-11. To allow a dismissal without prejudice would be to neutralize whatever catalyzing effect the Act might have on the all too patient pace of the criminal justice system. If the Act is to have its intended effect, to protect the rights of defendants and to promote the interest of society in the prompt disposition of criminal cases, its sanctions must be taken seriously. To permit the Government to reindict under the circumstances here presented would in our opinion undermine the integrity of the Act and the principles it was intended to protect.

The court finds that none of the factors enumerated in 18 U.S.C. sec. 3602 would support a reprosecution of this case; and accordingly the indictment is dismissed with prejudice.

. **W. Arthur Garrity, Jr.**
**United States District Judge**