UNITED STATES of America, Plaintiff,

v.

Walter R. GREEN, Defendant.

Crim. No. 83–CR–287.

United States District Court,
D. Colorado.

April 2, 1984.

Robert N. Miller, U.S. Atty., and Charles H. Torres, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Robert L. McDougal, and G.A. Score, Denver, Colo., for defendant.

### ORDER OF DISMISSAL

KANE, District Judge.

This case is one of several related cases involving the illegal sale of USDA food stamps in violation of title 7, sections 2012 and 2024(b). Green is also charged with the distribution of dilaudid, a schedule II controlled drug, in violation of 21 U.S.C. § 841(a)(1). Green's first appearance before the magistrate was on August 30, 1983, thus making a trial mandatory for speedy trial purposes on or by November 8, 1983. On September 21, 1983 I held a status conference for this and the ten other related cases. There, I ordered all counsel to file motions on or before October 21, 1983.

Green filed a motion to suppress on November 2, 1983. He claimed that the quality of certain tape recordings the government intended to introduce was so bad as to make the recordings unintelligible and partial. I held a hearing on the motion on November 7, 1983 and took the matter under advisement. After I listened to all the disputed tapes in chambers, I issued a written order denying the motion to suppress on February 29, 1984. As I said in my order:

> I find that some statements are obliterated by overriding noises and interference, some are clearly audible and others are weak.
>
> \* \* \* \* \* \*
>
> There is no evidence at all of intentional manipulation, editing or manufacture. What is involved is a question of limited technical accuracy. I do not find that the technical product is so inferior that an order of exclusion is justified.

The case was set for trial to begin on April 9, 1984. On March 22, 1984, upon the advice of the Clerk of the Court, I issued an order to show cause why the case should not be dismissed for failure to comply with the Speedy Trial Act of 1974. By the clerk's calculations, the speedy trial period expired on March 7, 1984.

The government makes only one serious argument that the speedy trial period has not run. Green did not file any motions by the cut-off date of October 21, 1983. Nor was he or his counsel present at the hearing of October 27, 1983. These non-appear-

ances were apparently due to defendant's illness and hospitalization. A letter accompanying the motion Green filed on November 2, 1983 states:

> Attached are Motions in the above captioned case. Our client has recently been released from the hospital, however when he was confined to the hospital he was in serious condition and could not communicate with us having had an operation on his throat.
>
> He can now speak again and has instructed us to proceed with his defense in this matter.

A handwritten postscript to the letter says:

> He was unable to talk [due to] a serious throat operation which caused removal of part of his tongue.

The government argues that the period from October 21 to November 2, 1983 should be excluded from computation under the Speedy Trial Act as a "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial." 18 U.S.C. § 3161(h)(4) Accepting for the moment counsel's letter of November 2, 1983 as the approximate equivalent of a physician's statement that Green was too ill to appear for trial or aid in the preparation of a defense, the government has still run out of time. An exclusion of time from October 21, 1983 to November 2 is only for 12 days. Speedy trial would therefore have run March 19, 1984.

Recognizing the need for additional time, the government claims that some portion of the period between September 21 and October 21 should also be excluded.

> Due to the number and complexity of the cases pending before this Court, the Court allowed a delay in the filing of motions which would have otherwise been due at an earlier time.

Government's Brief at 2. The government is correct that the motions would have otherwise been due at an earlier time. Rule 12(c), Fed.R.Crim.P. provides:

> Unless otherwise provided by local rule, the court may, at the time of arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing.

This district's local rules then in effect provided:

> Motions under Rule 12 and 14, Fed.R. Crim.P. shall be filed within ten days after conclusion of the discovery hearing unless otherwise ordered by the Court.

Under that rule, any motions would have been due September 24, 1983, since the discovery conference was held on September 14, 1983. Before that time, however, I had already entered a superseding order. At the hearing on September 21, 1983 I specifically consulted with all counsel to determine their respective needs in filing and responding to motions. I heard no suggestion from the government that a 30 day period for filing briefs and motions would cause speedy trial problems for the government.

Finally, I observe that the government never moved to have this case declared complex, although it now suggests that this was the reason for the 30 day delay in filing briefs. Of the 11 related cases which were before me, the government moved for an order of complexity in only two, 83–CR–285–1 and 83–CR–288–1. I am unable to treat the government's suggestion of complexity as a motion for an order of complexity *nunc pro tunc.*

> This section of the Act [§ 3161(h)(8)(A)] certainly does not permit this court to grant a continuance *nunc pro tunc.* 'This has to be the case since we are dealing with a clear line of time—much like a statute of limitations—marked for prophylactic purposes, not to be analogized to the equitable doctrine of laches.'

*United States v. LaCruz,* 441 F.Supp. 1261, 1265 (S.D.N.Y.1977), quoting *United States v. McDonough,* 504 F.2d 67, 69 (2d Cir.1974).

The Speedy Trial Act requires me to consider the following factors in deciding whether to dismiss this case with or without prejudice:

the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2). Defendant was charged in six counts with illegal use and sale of food stamps totalling about $2,500. He was also charged with a single count of distribution of a schedule II drug. These are, in my view, serious crimes, especially when weighed against the facts and circumstances leading to dismissal. The Assistant United States Attorney in this case has made a good faith if unsuccessful effort at excluding time under the Speedy Trial Act. It does not appear that the delay was intentional or willful. On the contrary, the delay clearly appears to be the result of inattention. Nor was it an especially long delay. Therefore, I conclude that the impact of a reprosecution on the administration of this chapter and the administration of justice would be minimal. I further conclude that the dismissal should be without prejudice.

IT IS HEREBY ORDERED that the charges now pending in 83–CR–287 against Walter R. Green are dismissed without prejudice.